Filed 7/26/16

OPINION ON REHEARING


CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D068384 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD245781) |
| BRANDEN JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Laura Whitcomb Halgren, Judge. Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

Branden Johnson appeals from an order of the superior court denying his petition to recall his felony sentence for receiving stolen property and to resentence him to a misdemeanor, as allowed in Penal Code section 1170.18, subdivision (a), which was

enacted as part of Proposition 47.[1]  On appeal, Johnson argues that the trial court erred in ruling that he, not the People, had the burden of establishing eligibility for Proposition 47 relief.  We disagree and will affirm the order.  The affirmance is without prejudice, in the event Johnson wants to file a new petition in which he may attempt to meet his *initial* burden of demonstrating entitlement to relief under Proposition 47.

I.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In a January 2013 complaint, the district attorney charged Johnson (and a codefendant) with one count of receiving stolen property in violation of section 496,

---

[1]  "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with . . . [section] 496 . . . of the Penal Code, as th[at] section[] ha[s] been amended . . . by this act."  (Pen. Code, § 1170.18, subd. (a); further undesignated statutory references are to the Penal Code.)

[2]  The trial court indicated that it had before it Johnson's "file," stating that one of the issues was whether the court could consider anything other than the "record of conviction."  The court did not indicate what it considered to be part of the record of conviction.

For purposes of the factual recitation in this opinion, we have considered the following documents from the record on appeal:  the January 2013 complaint; the August 2013 written plea; the August 2013 reporter's transcript from the hearing on the change of plea; the November 2013 reporter's transcript from the sentencing hearing; the November 2013 (sentencing) order granting mandatory probation supervision; the November 2013 felony abstract of judgment; and the April 2015 reporter's transcript from the hearing at which probation was revoked. We have not considered as evidence the various probation reports or the police arrest report, since the trial court did not consider them (on the basis they are not part of Johnson's record of conviction), and they contain multiple layers of hearsay.

former subdivision (a).  (Stats. 2011, ch. 15, § 372.)  In August 2013, pursuant to a negotiated plea agreement, Johnson pleaded guilty; the factual basis for the plea was that he "unlawfully [and] knowingly possessed stolen property."  In November 2013, the court denied probation (due to Johnson's prior convictions) and ordered Johnson to serve a three-year split sentence — two years in county jail and one year suspended with mandatory supervision.

On November 4, 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act; and under the California Constitution (art. II, § 10, subd. (a)), it became effective the following day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*Rivera*, at p. 1091.)  As relevant to the issue on appeal, Proposition 47 allows for a defendant to be resentenced and the felony conviction for receiving stolen property to be deemed a misdemeanor upon a showing that the value of the stolen property did not exceed $950.  (§§ 1170.18, subds. (a) & (b), 496, subd. (a).)

On April 2, 2015, the court revoked mandatory supervision for Johnson and ordered him to serve the remaining 295 days of his sentence in custody.

Approximately one week later, Johnson filed a form petition signed by his attorney, requesting that Johnson's felony sentence be recalled and that he be resentenced under section 1170.18, subdivisions (b) and (d).  The one-page check-the-box petition

3

contained only the date of conviction ("11/07/13," which was the date of sentencing, not conviction); the crime of which Johnson was convicted ("PC496(a)"); the sentence ("3 years confinement"); and the request for resentencing. The case was assigned to the original sentencing judge (§ 1170.18, subd. (*l*)), who requested briefing from both sides and placed the matter on the court's calendar for hearing.

In May 2015, the People filed points and authorities in opposition to Johnson's petition, arguing in relevant part that Johnson did not meet his burden of presenting evidence that established his entitlement to relief under Proposition 47. More specifically, the People argued that Johnson did not establish from the record of conviction that the offense of which he was convicted involved a theft of property valued at less than $950. In support, the People submitted copies of some of the text of Proposition 47 and an August 2013 probation report that was prepared in anticipation of Johnson's original sentence on the felony conviction following his negotiated guilty plea.

Johnson filed points and authorities, contending that because his original petition contained a prima facie showing that he was eligible for Proposition 47 relief,[3] the burden shifted to the prosecution to establish that he was not entitled to relief — a burden, he argued, the prosecution did not meet by relying on the probation report, which is not part of the record of conviction. More specifically, Johnson contended that because

---

[3] Johnson's petition did not mention the value of the stolen property in his possession, and in his written submission Johnson did not explain why he believed he had made a "prima facie showing" for relief based on merely his felony conviction, the date of his sentencing and the term of his sentence.

4

the record of conviction was silent as to the value of the stolen property, the court could "only find the least adjudicated offense under the record," which Johnson argued was a misdemeanor. In support, Johnson submitted a copy of the eight-page police report in which the arresting officer filled out a form and attached a narrative report of the arrest. Johnson argued that statements in the arrest report established that the value of the stolen property in his possession that formed the basis of his conviction was less than $950 and should be admissible because the report was like a preliminary hearing transcript, which is part of the record of conviction.[4]

The People filed a reply, emphasizing that the burden of proof was *on Johnson* and arguing that, by submitting a barebones check-the-box form petition that contained no evidence regarding the stolen property in his possession, the petition should be denied for lack of a prima facie showing of eligibility to Proposition 47 relief. Alternatively, the People argued that, if the court determines Johnson to have made a sufficient showing of eligibility, then the petition still should be denied because Johnson did not present any actual *evidence* that the value of the stolen property did not exceed $950.

At the June 3, 2015 hearing, the court denied Johnson's petition. The court explained: In attempting to establish the value of the stolen property, "the parties need necessarily to be confined to the record of conviction"; Johnson had the burden of proof to establish "through the record of conviction" that the value of the stolen property did

---

[4] Inconsistently, elsewhere in his points and authorities, Johnson cited two cases in support of the position that "police reports are not part of the record of conviction" and urged the court not to consider the police report (or the probation report).

5

not exceed $950 (in order to qualify for Prop. 47 relief); and Johnson did not meet his burden of proof.

Johnson timely appealed.

II.

DISCUSSION

In determining whether the trial court properly applied section 1170.18, subdivision (a), we must decide, first, who had the burden of establishing the value of the stolen property that formed the basis of Johnson's felony conviction and, second, whether that party met the required burden. All that is at issue in this appeal is the burden at the time the trial court determines the petitioning defendant's *initial* eligibility "[u]pon receiving a petition under subdivision (a)." (§ 1170.18, subd. (b).) As we explain, the initial burden of establishing eligibility was on Johnson, who did not meet it.

A.   *Proposition 47*

As relevant to this appeal, Proposition 47 amended section 496. (*Rivera*, *supra*, 233 Cal.App.4th at p. 1091.) In part, recently amended section 496, subdivision (a) provides:

> "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, *if the value of the property does not exceed nine hundred fifty dollars ($950), the*

6

*offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year . . . ."*[5]  (Italics added.)

(See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 9, p. 72.)

Proposition 47 also created a procedure whereby a person who is serving a felony sentence for an offense that became a misdemeanor under Proposition 47 may petition for a recall of that sentence and request resentencing under the applicable statute that was added or amended by Proposition 47.  (§ 1170.18, subd. (a); *Rivera*, *supra*, 233 Cal.App.4th at p. 1092.)  Pursuant to this procedure, Johnson applied to the trial court to recall his felony sentence for receiving stolen property and to be resentenced under section 496, subdivision (a), as amended by Proposition 47.

B.	*Standards on Appeal*

In interpreting a ballot initiative measure, we apply the same principles as we do in construing a statute enacted by the Legislature.  (*People v. Arroyo* (2016) 62 Cal.4th 589, 593 (*Arroyo*) [Prop. 21, which "expanded prosecutorial authority to file charges against minors in adult court"].)  We begin by considering the actual language of the initiative, giving its words their usual and ordinary meaning.  (*Arroyo*, at p. 593.)  We construe the words of an initiative as a whole and within the overall statutory scheme to effectuate the voters' intent.  (*Ibid.*)  If the language is ambiguous, we look to other

_____

5	Prior to Proposition 47, which includes the time of Johnson's felony conviction, the last quoted sentence provided:  "However, if the district attorney or the grand jury determines that this action would be in the interests of justice, the district attorney or the grand jury, as the case may be, may, if the value of the property does not exceed nine hundred fifty dollars ($950), specify in the accusatory pleading that the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year." (§ 496, former subd. (a); Stats. 2011, ch. 15, § 372.)

7

indicia of the intent of the electorate, including the analyses and arguments in the voter information guide. (*Ibid.*) We will not interpret ambiguities in initiative language so as to create an absurd result or to be inconsistent with the voters' intent. (See *People v. Cruz* (1996) 13 Cal.4th 764, 782-783.)

Where an appeal involves the interpretation of a statute enacted as part of a voter initiative, the issue on appeal is a legal one, which we review de novo. (*Arroyo*, *supra*, 62 Cal.4th at p. 593.) Where the trial court applies disputed facts to such a statute, we review the factual findings for substantial evidence and the application of those facts to the statute de novo. (*Hermosa Beach Stop Oil Coalition v. City of Hermosa Beach* (2001) 86 Cal.App.4th 534, 548-549.) " '[A]n order is presumed correct; all intendments are indulged in to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*People v. Carpenter* (1999) 21 Cal.4th 1016, 1046.) In addition, we must " 'view the record in the light most favorable to the trial court's ruling.' " (*Ibid.*)

C.    *Analysis*

The first sentence of section 496, subdivision (a) defines the crime of receiving stolen property: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170." The second sentence of section 496, subdivision (a) — i.e., the language at issue in this appeal — deals with

8

the value of the stolen property received and provides in part: "However, *if the value of the property does not exceed nine hundred fifty dollars ($950)*, the offense shall be a misdemeanor . . . ." (Italics added.)

In support of his original petition, Johnson presented no evidence as to how he "would have been guilty of a misdemeanor under [Proposition 47] had this act been in effect at the time of the offense," as required by section 1170.18, subdivision (a). In response to the court's request for briefing, Johnson submitted an unsigned copy of his arrest report, which contained the arresting officer's summary of events surrounding Johnson's January 18, 2013 arrest for receiving stolen property (and for possession of tear gas). In relevant part, the officer wrote that he interviewed a witness (the potential purchaser of the stolen property), the codefendant and Johnson — each of whom provided certain information to the officer with regard to the value of the stolen property. In the information provided by these three people, the stolen property was described as a laptop computer that was to be sold for between $350 and $400.

Section 1170.18, subdivision (a) is silent as to who has the *initial* burden of establishing whether a petitioning defendant is eligible for resentencing. (See fn. 1, *ante*.) At the time Johnson filed his petition in April 2015, section 1170.18 had been in effect for less than six months, and even by June 2015 when the trial court denied Johnson's petition there were no appellate opinions to provide guidance on this issue.

Within the last year, at least four final appellate opinions have interpreted and applied section 1170.18, subdivision (a) — each holding that this initial burden is borne by the petitioning defendant. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879

9

(*Sherow*) [" 'petitioner will have the initial burden of establishing eligibility for resentencing under section 1170.18[, subdivision ](a)' "]; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450 (*Rivas-Colon*); *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137 (*Perkins*); *People v. Bush* (2016) 245 Cal.App.4th 992, 1007 (*Bush*).)

On appeal, contrary to *Sherow*, *Rivas-Colon*, *Perkins* and *Bush*, Johnson does not mention a requirement that *he* make (and does not argue that he made) the initial showing of eligibility for Proposition 47 relief in his petition. Rather, he contends that in response to his petition the trial court was limited to consideration of the record of conviction (without suggesting what comprises the record of conviction), and because the record of conviction in this case does not disclose the value of the stolen property, *the prosecution* cannot prove that *Johnson* is *ineligible* for Proposition 47 relief. In so doing, Johnson argues that *Sherow* is not controlling on two basic grounds: (1) Unlike *Sherow*, in which the petitioning defendant had been found guilty of felony burglary following a trial with a complete record of the underlying theft, here Johnson pleaded guilty to felony receipt of stolen property following the filing of a complaint with little or no record of the underlying theft; and, alternatively, (2) *Sherow* was wrongly decided.[6]

We disagree. As we explain, the petitioning defendant, not the prosecution, has the *initial* burden of establishing eligibility for resentencing, and the trial court is not

---

6    Johnson does not mention *Rivas-Colon*, *supra*, 241 Cal.App.4th 444, let alone attempt to argue that it is not controlling. *Perkins*, *supra*, 244 Cal.App.4th 129, and *Bush*, *supra*, 245 Cal.App.4th 992, were filed after Johnson filed his reply brief in this appeal.

10

limited to consideration of the record of conviction. This burden includes presenting *evidence* that the petitioning defendant "would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense" (§ 1170.18, subd. (a)), which as applicable in this case means *evidence* that "the value of the property does not exceed nine hundred fifty dollars ($950)" (§ 496, subd. (a)). Johnson did not meet his initial burden here.

     1.     *Johnson Had the Initial Burden of Establishing Eligibility for Resentencing Under Proposition 47 from Sources Not Limited to the Record of Conviction*

Johnson contends on appeal that the trial court properly limited its consideration of evidence to the record of conviction, and the People do not argue otherwise. Johnson bases his position solely on a citation to *People v. Bradford* (2014) 227 Cal.App.4th 1322 (*Bradford*), the authority on which the trial court relied in ruling that the parties were confined to the record of conviction. In part, *Bradford* held that in response to a petition for resentencing *under Proposition 36* (§ 1170.126, titled the Three Strikes Reform Act of 2012), "the trial court must determine the facts needed to adjudicate eligibility based on evidence obtained solely from the record of conviction."[7] (*Bradford*, at pp. 1327, 1338.)

Johnson posits that (1) because Proposition 36 and Proposition 47 both decrease existing sentences and use similar language to describe the procedure to seek

---

[7]     Without suggesting what documents comprise the record of conviction, the *Bradford* court described the required evidence as "facts attendant to commission of the actual offense." (*Bradford*, *supra*, 227 Cal.App.4th at p. 1332 [Prop. 36; § 1170.126].)

resentencing based on certain eligibility criteria (compare § 1170.126, subds. (b), (f) [Prop. 36] with § 1170.18, subds. (a), (b) [Prop. 47]) and (2) because neither proposition identifies what evidence a court may consider in determining eligibility, when the trial court makes its initial determination whether the petition satisfies the criteria for resentencing under Proposition 47, the court should be limited to the record of conviction the same as it is under Proposition 36. " 'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.)

We agree with Johnson that the two propositions employ similar procedures for resentencing. We disagree, however, with his suggestions both (1) that the prosecution has the initial burden to establish a petitioning defendant's *ineligibility* for resentencing,[8] and (2) that the trial court is limited to consideration of the record of conviction for this

---

[8]    As a preliminary matter, we reject Johnson's suggestion that, because the initial showing under Proposition 47 requires evidence of "guilt[] of a misdemeanor" (§ 1170.18, subd. (a)), the prosecution has the burden of proof *beyond a reasonable doubt*. Section 1170.18 deals with *resentencing* a petitioning defendant whose commission of a felony has already been proven beyond a reasonable doubt. If successful, the petitioning process results in the recall of the felony sentence and the resentencing, not in the *conviction* of a new or different crime. (*Id*., subd. (b).) Only *after* the resentencing has taken place — i.e., *after* the court has determined that the petitioning defendant "would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense" (*id*., subd. (a)) and is not otherwise ineligible for relief — is the conviction "considered a misdemeanor for all purposes" (*id*., subd. (k)).

12

purpose. Rather, under both Proposition 36 and Proposition 47, the petitioning defendant has the *initial* burden of establishing eligibility, and if that burden is met, then the prosecution has the opportunity to establish ineligibility on other grounds. With regard to the evidence the court may consider, neither proposition indicates that the voters intended to limit the court's consideration to the record of conviction. The *Bradford* court observed that Proposition 36 did not prescribe any "particular statutory procedure . . . [as to] how the trial court is to go about making the eligibility determination" (*Bradford*, *supra*, 227 Cal.App.4th at p. 1337), ultimately concluding that such a determination under Proposition 36 should be based solely on the record of conviction (*Bradford*, at pp. 1327, 1338). However, as we explain, such a limitation under Proposition 47 would result in an insurmountable obstacle in many cases for obtaining relief to which a petitioning defendant would be entitled under a consideration of evidence from other sources — a result the voters could not have intended when passing Proposition 47.

> a. *Initial Burden*

In comparing Proposition 36 with Proposition 47, Johnson first suggests that under both propositions the prosecution has the initial burden of establishing that a petitioning defendant is *ineligible* for resentencing. We disagree; under both propositions, the petitioning defendant has an initial burden of establishing eligibility.

Under Proposition 36, a defendant who has two or more prior serious and/or violent felonies, known as "strikes," is no longer necessarily subject to an enhanced sentence on a conviction for a third strike offense, if the third conviction is not for a serious or violent felony. (*Bradford*, *supra*, 227 Cal.App.4th at pp. 1327-1328; see

§ 1170.126, subds. (a), (e).) In enacting section 1170.126 as part of Proposition 36, the voters did not intend to benefit all third strike offenders whose third strike was not for a serious or violent felony, but only those who were perceived as nondangerous or posing little or no risk to the public. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1057.)

Under Proposition 36, a person serving an indeterminate term of life imprisonment imposed under section 667, subdivision(e)(2), or section 1170.12, subdivision (c)(2), for a conviction of a felony that is not defined as serious and/or violent by section 667.5, subdivision (c), or section 1192.7, subdivision (c), may petition for resentencing. (§ 1170.126, subds. (b), (e)(1).) The petitioning defendant has an *initial burden of establishing eligibility* — at a minimum, the requisite conviction and sentence set forth in section 1170.126, subdivision (e)(1).[9] (See § 1170.126, subds. (b), (f).) The prosecution then has the opportunity to oppose the petition by establishing that the petitioning

_____

[9] "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e).)
We express no opinion as to who has the initial burden of establishing the eligibility requirements under section 1170.126, subdivision (e)(2) or (e)(3).

defendant is *ineligible* for resentencing on various grounds.[10]  (See § 1170.126,

subd. (e); *Bradford*, *supra*, 227 Cal.App.4th at p. 1337, citing *People v. Superior Court*

*(Kaulick)* (2013) 215 Cal.App.4th 1279, 1299, fn. 21; see also *Kaulick*, at p. 1289 ["the

prosecution's due process rights include the right to a full adversarial proceeding, in

which it may present evidence, as well as argument"]; Couzens & Bigelow, The

Amendment of the Three Strikes Sentencing Law (May 2016) § IV.B.4.(c), p. 63,

§ IV.C.3., p. 67 <http://www.courts.ca.gov/documents/Three-Strikes-Amendment-

Couzens-Bigelow.pdf> [as of July 25, 2016].)

Under Proposition 47, a person serving a sentence for a conviction of a felony

"who would have been guilty of a misdemeanor under [Proposition 47] had

[Proposition 47] been in effect at the time of the offense" may petition for resentencing.

(§ 1170.18, subd. (a).)  By this language, the voters did not intend to benefit all offenders

serving a sentence for a felony theft or drug conviction, but only those who would have

been guilty of a misdemeanor under the various statutes that were added or amended by

Proposition 47.  Like Proposition 36, Proposition 47 requires the petitioning defendant to

establish *initial eligibility* for relief — which, under Proposition 47, is "guilt[] of a

misdemeanor."  (§ 1170.18, subd. (a).)  Also like Proposition 36, Proposition 47 then

allows the prosecution the opportunity to oppose the petition by attempting to establish

that the petitioning defendant is *ineligible* for resentencing.  (See Couzens & Bigelow,

---

10      In addition, the court may still deny relief to an otherwise eligible petitioning
defendant if the court determines, based on evidence from any source, that resentencing
would pose an unreasonable risk of danger to public safety.  (§ 1170.126, subd. (f).)

15

Proposition 47 "The Safe Neighborhoods and Schools Act" (May 2016) § VI.B.3., p. 41

<http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of July 25, 2016].)

This may be accomplished either (1) by rebutting the petitioning defendant's evidence,

thereby demonstrating that the petitioning defendant would *not* have been guilty of a

misdemeanor had Proposition 47 been in effect at the time of the offense (§ 1170.18,

subd. (a)), or (2) by demonstrating that the petitioning defendant suffered a conviction of

one or more of the offenses specified in section 1170.18, subdivision (i).[11]

b.    *Record of Conviction*

In comparing Proposition 36 with Proposition 47, Johnson further suggests that

when determining a petitioning defendant's initial eligibility for resentencing, the trial

court is limited to consideration of the record of conviction.[12]  Again, we disagree.

---

[11]    Finally, as in Proposition 36, under Proposition 47 the court may still deny relief
to an otherwise eligible petitioning defendant if the court determines, based on evidence
from any source, that resentencing would pose an unreasonable risk of danger to public
safety.  (§ 1170.18, subd. (b).)
        This appeal (like *Sherow*, *Rivas-Colon*, *Perkins* and *Bush*) involves only the initial
burden to establish *eligibility* for resentencing.  Accordingly, we express no view as to
who has either the ultimate burden or the standard of proof for *entitlement* to resentencing
under Proposition 47.

[12]    The parties have not cited, and our own research has not disclosed, any authority
that explicitly lists or describes the documents that comprise the record of conviction.
That said, we are guided by our high court's explanation that a " 'record of conviction' "
consists of documents in the record that reliably " 'reflect[] the facts of the offense for
which the defendant was convicted' " and appears to be limited to proceedings at and
before the adjudication of guilt, whether by plea or verdict (*People v. Trujillo* (2006) 40
Cal.4th 165, 177, 179 ["Three Strikes" law; § 667, subds. (b)-(i)]), plus any appellate
court opinion (see *People v. Guilford* (2014) 228 Cal.App.4th 651, 660 [Prop. 36]).

16

In support of his position, Johnson suggests that because *Bradford* limits the evidence of eligibility for resentencing to what is found in a record of conviction that preceded the Proposition 36 resentencing proceedings (*Bradford*, *supra*, 227 Cal.App.4th at pp. 1327, 1338), the same limitation should apply in Proposition 47 resentencing proceedings. However, under Proposition 36, in order to determine eligibility (whether initially or otherwise), the resentencing court need consider only the petitioning defendant's *existing prior convictions*. Ultimate eligibility for resentencing is set forth at section 1170.126, subdivision (e) and requires showings that: the defendant is serving an indeterminate term of life imprisonment imposed pursuant to section 667, subdivision (e)(2) or section 1170.12, subdivision (c)(2) for a conviction of a felony that is not defined as serious and/or violent by section 667.5, subdivision (c) or section 1192.7, subdivision (c) (§ 1170.126, subd. (e)(1)); the defendant's sentence was not based on offenses in section 667, subdivision (e)(2)(C)(i)-(iii) or section 1170.12, subdivision (c)(2)(C)(i)-(iii) (§ 1170.126, subd. (e)(2)); and the defendant has no prior convictions for any of the offenses in section 667, subdivision (e)(2)(C)(iv) or section 1170.12, subdivision (c)(2)(C)(iv) (§ 1170.126, subd. (e)(3)). The evidentiary limitation in *Bradford* is arguably reasonable, given that the requirements for establishing eligibility (or ineligibility) under Proposition 36 are based on the defendant's convictions *in existence at the time of the resentencing petition* and, thus, may be reliably ascertained by a review of the record(s) of conviction in most situations.

In contrast, under Proposition 47 the relevant inquiry for purposes of establishing a petitioning defendant's initial eligibility is "guilt[] of a misdemeanor" (§ 1170.18,

17

subd. (a)) — which often cannot be established merely from the record of conviction of the felony. This is because, prior to Proposition 47, where a defendant was convicted of certain drug- or theft-related felonies, the facts necessary to establish that the petitioning defendant was guilty either of a misdemeanor added by Proposition 47 or of a felony reduced to a misdemeanor by Proposition 47 likely would have been irrelevant in charging the defendant with the pre-Proposition 47 felony.[13] Stated differently, since Proposition 47 created misdemeanors either that did not exist previously (e.g., § 459.5 [shoplifting]) or that were felony offenses with different showings required (e.g., § 496, subd. (a) [receiving stolen property]), there is no reason to believe that the electorate intended to limit the resentencing court's review to the petitioning defendant's record of conviction. (See Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act," *supra*, § VI.B.2., p. 39 <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of July 25, 2016] ["there may be circumstances in which additional facts will be required"].) As applicable in the present case involving receipt of stolen property, "[f]or example, it may not be possible from a review of the record [of conviction] alone to determine the value of property taken." (*Ibid.*)

---

13    In the case of receiving stolen property, for example, the *only* fact necessary — indeed, the only fact available — to establish that a petitioning defendant would have been guilty of a misdemeanor under Proposition 47 is that the value of the stolen property did not exceed $950. (§ 496, subd. (a).) Prior to Proposition 47, however, the value of the property was not at issue where the defendant was charged with a felony. (§ 496, former subd. (a).)

18

Under Proposition 36 the showing required for eligibility for resentencing is evidence of *the existence or nonexistence of specified convictions* that *Bradford* says may be determined from a review of a petitioning defendant's record(s) of conviction. In contrast, under Proposition 47 the initial showing required for resentencing must include evidence of facts that would support *a conviction either of a misdemeanor that was added by Proposition 47 or of a felony reduced to a misdemeanor by Proposition 47*, which may well require evidence outside of the record of conviction. As such, the trial court is not limited to the record of conviction in its consideration of the evidence to adjudicate eligibility for resentencing under Proposition 47.[14]

While the petitioning and resentencing procedures under Proposition 36 and Proposition 47 appear similar (compare § 1170.126 with § 1170.18), *what must be shown initially in support of the petition* under each proposition is not. Thus, the potential sources of evidence to support the petition under each proposition are not the same. For

---

[14] We also reject Johnson's suggestion that, because the record of Johnson's conviction does not contain evidence as to the value of the stolen property, we must presume the conviction was for the least punishable offense. In support of his position, Johnson relies on *People v. Guerrero* (1988) 44 Cal.3d 343. *Guerrero* holds that, for purposes of a sentence enhancement based on a prior conviction of a "serious felony" within the meaning of sections 667 and 1192.7, subdivision (c), where the facts of the prior offense are not ascertainable from a review of the record of the prior conviction, "the court will presume that the prior conviction was for the least offense punishable under the . . . law." (*Guerrero*, at p. 352.) However, *Guerrero* is factually and procedurally inapposite and, therefore, inapplicable, since in *Guerrero*, the court addressed only the prosecution's burden to show that a prior conviction qualified as a serious felony *for the purpose of imposing a sentence enhancement*. (*Ibid.*) In addition, unlike *Guerrero*, as we have just concluded *ante*, the resentencing provisions of Proposition 47 do not limit the parties and court to evidence from the petitioning defendant's record of conviction.

19

this initial burden under Proposition 47, a petitioning defendant is entitled to present evidence of facts *from any source* to establish the guilt of the Proposition 47-sanctioned misdemeanor. (*Perkins*, *supra*, 244 Cal.App.4th at p. 140 [any probative evidence]; *Sherow*, *supra*, 239 Cal.App.4th at p. 880 [petitioning defendant's testimony].)

Accordingly, the trial court here erred in ruling that, in establishing the value of the stolen property, "as concluded in *Bradford*, the parties need necessarily to be confined to the record of conviction."[15] However, Johnson is not entitled to a reversal of the order denying his petition on this basis. The record on appeal does not contain *evidence from any source* as to the value of the stolen property — i.e., evidence from which the court could have made the initial determination whether Johnson would have been guilty of a misdemeanor under section 496, subdivision (a) and thus eligible for resentencing under section 1170.18, subdivision (b).[16] Accordingly, given this record on appeal, because

---

[15]     By our ruling, we conclude only that the language in *Bradford*, *supra*, 227 Cal.App.4th 1322, which limits the resentencing court's consideration to the record of conviction for purposes of determining eligibility *under Proposition 36* may not reasonably be extended to a determination of initial eligibility under Proposition 47. We express no opinion whether *Bradford* was properly decided or whether there may be exceptions to the limitation expressed in *Bradford*.

[16]     In support of his petition, Johnson submitted only his attorney's statements of the crime of which Johnson was convicted, the date of the sentencing, the sentence imposed and the request for resentencing — none of which is sufficient as a matter of law to establish the value of the stolen property in Johnson's possession. In opposition, the People submitted some of the text of Proposition 47 and an August 2013 probation report following Johnson's conviction for felony receipt of stolen property. The text does not contain evidence of the value of the stolen property, and "a probation report . . . is not evidence" (*People v. Overton* (1961) 190 Cal.App.2d 369, 372). In response, Johnson submitted an unsigned copy of the police report following his arrest, but it does not

20

there is no reasonable probability that Johnson would have achieved a more favorable result had the court considered evidence from sources other than the record of conviction, the trial court's error is harmless.  (*People v. Watson* (1956) 46 Cal.2d 818, 836 [reversal only if defendant can establish prejudice from trial court's error].)

c.    *Summary*

As applicable here, therefore, Johnson had the initial burden of demonstrating eligibility for resentencing under Proposition 47 from any source of admissible evidence.

2.    *Johnson Did Not Meet His Initial Burden of Establishing Eligibility for Resentencing Under Proposition 47*

For purposes of deciding who has the initial burden of proof under section 1170.18, subdivision (a), we see no distinction between *Sherow* and the present appeal.  In each, the petitioning defendant failed to present *evidence* that he "would have been guilty of a misdemeanor" (§ 1170.18, subd. (a)) — namely, that the value of the stolen property did not exceed $950.[17]  (*Sherow*, *supra*, 239 Cal.App.4th at p. 877.)

---

contain admissible evidence; the report lacks authentication, and its statements of value of the stolen property contain multiple levels of hearsay.

[17]    In *Sherow*, the defendant was convicted of felony second degree burglary (§ 459) from offenses in 2007, and he petitioned in 2014 to be resentenced according to section 459.5, subdivision (a), which was added by Proposition 47.  (*Sherow*, *supra*, 239 Cal.App.4th at p. 877.)  Here, Johnson was convicted of felony possession of stolen property (§ 496, former subd. (a); see fn. 5), and he petitioned to be resentenced according to section 496, subdivision (a), which was amended as part of Proposition 47.  In both cases, to establish that the petitioning defendant "would have been guilty of a misdemeanor" for purposes of section 1170.18, subdivision (a), the applicable substantive statute required proof that the value of the stolen property was less than $950.  (§§ 459.5, subd. (a), 496, subd. (a).)

21

In *Sherow*, after holding that the petitioning defendant has the initial burden of establishing eligibility for resentencing under Proposition 47, we commented that a "proper petition" could have "contain[ed] at least [the petitioning defendant]'s testimony about the nature of the items taken." (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.) From this, Johnson attempts to distinguish *Sherow* on the basis that, because the petitioning defendant in *Sherow* was convicted after trial (*ibid.*), he had a reporter's transcript that could have been presented to the trial court. In contrast, Johnson's argument continues, because Johnson pleaded guilty here, he has no trial transcript to present.

Johnson reads *Sherow* too narrowly. There is nothing in *Sherow* to suggest that the petitioning defendant's "testimony about the nature of the items taken" (*Sherow*, *supra*, 239 Cal.App.4th at p. 880) must come from a trial transcript. To the contrary, the trial record in *Sherow*, which included transcripts, did not contain any evidence of the value of the stolen property. (*Ibid.*) Moreover, the express language of the statute allows for the filing of a petition for resentencing of a conviction "*whether by trial or plea*, of a felony" (§ 1170.18, subd. (a), italics added) — without any distinction between the showing required for a conviction following a trial or a plea.

Our comment in *Sherow* regarding the petitioning defendant's "testimony about the nature of the items taken" suggests, for example, that a declaration from the person who "knows what kind of items he took" would be adequate. (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.) Moreover, as indicated in *Perkins*, there is no limitation to the sources of evidence that can be presented as part of the petitioning defendant's initial burden under section 1170.18, subdivision (a): *As part of the petition*, the petitioning

22

defendant "should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief." (*Perkins*, *supra*, 244 Cal.App.4th at p. 140.)

For these reasons, we reject Johnson's suggestion that *Sherow* — and, by implication, *Rivas-Colon*, *Perkins* and *Bush* — were wrongly decided, and we will apply them here. Because Johnson did not present any evidence as to the value of the stolen property (see fn. 16, *ante*), Johnson did not meet his initial burden in the trial court and, accordingly, his burden on appeal of establishing trial court error.

D.    *Affirmance Without Prejudice*

In *Perkins*, *supra*, 244 Cal.App.4th 129, our colleagues in Division Two affirmed the trial court's order denying the defendant's section 1170.18, subdivision (a) petition on the basis that the defendant did not meet his burden of providing evidence of his eligibility for Proposition 47 relief — in particular, evidence that the value of the property at issue did not exceed $950 — on his felony conviction for receiving stolen property under section 496, former subdivision (a). (*Perkins*, at pp. 134-135, 137.) Like *Sherow*, however, the affirmance was without prejudice to the petitioning defendant filing a new petition that offered *evidence* of his eligibility. (*Perkins*, at p. 142; see *Sherow*, *supra*, 239 Cal.App.4th at p. 881.) The *Perkins* court reasoned that Proposition 47 is silent as to the burdens associated with petitioning for relief, and neither at the time the petitioning defendant filed his petition nor at the time the trial court ruled on the petition had any appellate court provided guidance to the trial courts or the litigants as to the burden of establishing eligibility. (*Perkins*, at p. 142.)

23

As these two authorities advise, a proper petition from Johnson "could certainly contain at least [his] testimony about the nature of the [stolen property]" (*Sherow*, *supra*, 239 Cal.App.4th at p. 880) and "should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief " (*Perkins*, *supra*, 244 Cal.App.4th at p. 140).

We agree with the reasoning in *Perkins* and the results reached in *Sherow* and *Perkins*. Accordingly, our affirmance of the order denying Johnson's section 1170.18, subdivision (a) petition is without prejudice to the superior court's consideration of a subsequent petition that contains *evidence* — not limited to the record of conviction — of Johnson's eligibility for relief under Proposition 47.[18]

---

[18] We express no opinion as to what specific evidence Johnson might rely on, how the People might respond, or whether such a petition might be successful.

DISPOSITION

We affirm the June 3, 2015 order denying Johnson's petition to recall the sentence on his felony conviction for receiving stolen property and to resentence him under Proposition 47.  This affirmance is without prejudice to the superior court's consideration of a subsequent petition by Johnson that offers evidence of his eligibility for the requested relief.

 

IRION, J.

WE CONCUR:

McDONALD, Acting P. J.

AARON, J.

25