Filed 2/16/21  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL LORENZO JONES,<br><br>Defendant and Appellant. | C091645<br><br>(Super. Ct. No. SCR0001197B) |

Defendant, Michael Lorenzo Jones, appeals the trial court's denial without prejudice of his petition for resentencing under Penal Code section 1170.18, subdivisions (f) and (g).  (Statutory section references that follow are to the Penal Code unless otherwise stated.)  Defendant argues the trial court erred in determining that he had not established a prima facie case for relief.  As we shall explain, we affirm the lower court's order denying defendant's petition without prejudice to defendant filing a new petition

1

presenting evidence that establishes the stolen property he received and its fair market value.

## FACTS AND PROCEDURAL HISTORY

The People's June 1994 information charged defendant with grand theft exceeding $400 (§ 487, subd. (1); count one); receiving stolen property (§ 496; count two); possession of a stolen credit card (§ 484, subd. (e)(4); count three); and giving false information to a law enforcement officer (§ 148.9, subd. (a); count four). The information also alleged that defendant had suffered three prior prison terms (§ 667.5, subd. (b)) and had suffered a prior strike conviction (§ 667, subds. (d) and (e)).

Defendant pleaded guilty to count four and the remaining charges were tried to a jury. During jury deliberations and in light of the jury's communication that it was unable to reach a verdict on the charge of grand theft, the parties reached an agreement to settle the case. Defendant pleaded guilty to possession of stolen property in violation of section 496 and admitted suffering one prior prison term. In exchange, defendant was to receive probation with a suspended prison sentence and the balance of the charges and allegations would be dismissed. The stipulated factual basis for the plea was the trial transcript and police reports in the matter. Defendant further affirmed he "was in possession of stolen property. The only thing that I was -- only thing I was with was stolen." On September 19, 1994, defendant was sentenced in accordance with his plea, and it does not appear that he appealed that judgment.

On January 3, 2020, defendant filed a form petition to reduce his crime to a misdemeanor pursuant to section 1170.18, subdivisions (f) and (g) and based on the fact that a violation of section 496 under current law is a misdemeanor if the value of the property received does not exceed $950. The People filed a form opposition to this petition on January 15, 2020, checking the box that defendant's offense was not eligible for relief. The court appointed an attorney to represent defendant.

2

At the first hearing on the matter on February 13, 2020, the parties examined the court record for evidence concerning the value of the stolen property. Defendant thereafter argued that the court file showed that the jury hung on the value of the property stolen in the grand theft count, that in 1994 the threshold for grand theft was $400, and that therefore, the jury could not find the value of the stolen items was more than $400 such that defendant's petition for resentencing on the receiving stolen property count should be granted. The People concurred that the record established the jury could not decide on the value of the stolen property, but argued this did not affirmatively establish that the jury had determined the value of what was stolen was below $950. The court stated it would review the court record itself and set the matter for further hearing.

The matter was heard again on February 27, 2020, wherein the parties restated their previous positions, and the court denied the petition without prejudice after determining defendant had presented insufficient evidence to establish he was entitled to relief. Defendant timely appealed.

DISCUSSION

I

*The Value of the Stolen Property*

Defendant argues the trial court erred in determining that he had not established a prima facie case for relief. We disagree. As we shall explain, defendant has not established the specific stolen items he actually received, nor the fair market value for those items. As such, he has not established that the fair market value of the stolen property he received was less than $950.

A. Proposition 47

"Proposition 47, as approved by voters in November 2014, amended various provisions of the Penal and Health and Safety Codes to reduce personal possession drug

3

offenses and thefts involving less than $950 from a straight felony or a 'wobbler,' to a straight misdemeanor." (*Caretto v. Superior Court* (2018) 28 Cal.App.5th 909, 915 (*Caretto*).) Included among the provisions was a mechanism by which individuals who had already completed their sentence of conviction could petition to have their conviction reclassified as misdemeanors.

Section 1170.18 provides in pertinent part: "(f) A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors. [¶] (g) If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

"Section 496 was amended by Proposition 47, and provides in relevant part: 'Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year . . . .' (§ 496, subd. (a).)" (*Caretto, supra*, 28 Cal.App.5th at pp. 915-916.)

We measure the value of a stolen item for purposes of Proposition 47 by determining the fair market value of that item. (See *People v. Romanowski* (2017) 2 Cal.5th 903, 914-915 (*Romanowski*) [requiring valuation of stolen access card information using the fair market value test]; see also *Caretto, supra*, 28 Cal.App.5th at pp. 912, 918-919, 921 [applying *Romanowski*'s fair market value test to a conviction for

receipt of stolen property and remanding to allow the parties to present evidence relevant to that test].) It is a defendant who "bears the 'ultimate burden' of demonstrating, by a preponderance of the evidence, that she [or he] is eligible for Proposition 47 relief." (*People v. Liu* (2019) 8 Cal.5th 253, 263 (*Liu*).)

B. <u>Application</u>

A logical and necessary prerequisite to determining the value of the stolen property received is knowledge of what the property was that was received. (See, e.g., *People v. Johnson* (2016) 1 Cal.App.5th 953, 970 [advising a "petitioning defendant 'should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief' "].)

Here, there is no evidence specifically identifying the stolen property defendant received. Defendant's petition did not identify that property and no evidence outside of the trial court's records was offered on the subject. Nor does the factual basis for defendant's plea specify the property he received. The two items comprising the factual basis, the trial transcripts and the police report, are not part of the record on appeal. The trial transcripts no longer exist and the People were unable to locate the police report at issue. However, we can surmise from the allegations of the People's information and the summary of the police report contained within defendant's presentencing probation report that the only stolen property defendant could have received consisted of the victim's purse and its contents. These included the victim's cash, ATM cards, credit cards, documents, and other miscellaneous property.

Putting aside that we are not certain which of these items defendant received, defendant argues the trial court's record is sufficient to establish that whatever property he received had a value less than $950. We are not persuaded.

5

First, defendant argues a valuation premised upon the victim's losses because the contents of her purse were recovered at the gas station and "[a]ssuming they were not driving an 18-wheeler, it is reasonable to infer that perhaps 20 to 25 gallons of gasoline may have been purchased at the most." This is beside the point. It is the fair market value of the items stolen that governs whether defendant may obtain relief. (See *Romanowski, supra*, 2 Cal.5th at pp. 914-915.) Further, even though a court may consider the value of what was obtained from an access card in determining fair market value, this is only one of many factors that must be considered. The value of what has been obtained cannot alone set the fair market value for these purposes. (*Liu, supra*, 8 Cal.5th at p. 263.)

Second, defendant argues the trial court's minute order from August 10, 1994, demonstrates both a defense valuation of $329.69 and the trial court's denial of a motion to amend the information to reflect a charge of petty theft. We have reviewed this minute order and note that the specific property valued is not disclosed, nor is there any information regarding how some person arrived at the defense valuation. Thus, we do not consider this minute order as evidence of the fair market value of the stolen property defendant received for purposes of the Proposition 47 inquiry.

Finally, defendant argues that the court record reflects the jury could not come to a verdict on the grand theft count because the jury could not decide on the value of the stolen property and that the threshold for establishing that count at the time of trial was $400. This information from the record of trial is insufficient, standing alone, to establish the fair market value of the stolen property that defendant received for purposes of Proposition 47. Much like the valuation in the minute order, we do not know anything about the evidence presented at trial as to the value of that property, nor how the jury was instructed to value that property because there is no longer a reporter's transcript of the trial and any instructions given to the jury are not part of the record on appeal. Moreover, by way of example, it could have been that some members of the jury thought the value

6

of the property was in excess of $950 while others thought that the proper value of the property was $350 and the jury could not reach an agreement. A mistrial, in this context, *proves* nothing.

Nonetheless, as previously noted, some of the stolen property defendant may have received was the victim's ATM and/or credit cards. A prerequisite to obtaining relief, therefore, was defendant's establishment of the fair market value of those cards. (See *Caretto, supra*, 28 Cal.App.5th at p. 912 [fair market value test applies to request to reclassify stolen property conviction for receipt of stolen debit cards]; *Liu, supra*, 8 Cal.5th at p. 263 [further explaining how to determine the fair market value of stolen access card information as required by *People v. Romanowski, supra,* 2 Cal.5th 903].) However, defendant has not presented such evidence.

As recently explained by the high court in *Liu*, in determining the fair market value of stolen access card information the court may consider the value of what was obtained using any such card, but must also consider other "more probative pieces of the pricing puzzle, such as: (1) the access card's credit limit or the account balance. . . ; (2) the amount of account information possessed by the defendant; (3) how much the value of the information has been diminished because of its sale in illicit markets; (4) how recently the information was stolen; and (5) the prevalence of comparable information on the illicit market." (8 Cal.5th at p. 263.) There is no such information here.

Accordingly, we will affirm the denial of defendant's petition for relief without prejudice to defendant bringing a successive petition.

7

## DISPOSITION

We affirm the lower court's order denying defendant's petition without prejudice.

_____
HULL, Acting P. J.

We concur:

_____
MAURO, J.

_____
MURRAY, J.