Filed 7/13/22  P. v. Ramnanan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANDRE RAMNANAN,<br><br>        Defendant and Appellant. | E077536<br><br>(Super. Ct. No.  FBA4939)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Judge.  Affirmed.

Kenneth J. Vandevelde, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant Andre Ramanan appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code[1] section 1170.95.  He contends the court erred in denying his petition finding him ineligible for relief as a matter of law based on the jury's special circumstances finding.  We disagree and affirm the order.

II.

FACTUAL AND PROCEDURAL BACKGROUND[2]

Lee and Peggy Williams (collectively "Williams") lived in Yermo.  They owned two horses, a horse trailer, a white dually (double-wheeled) Ford pickup, a motor home, and a blue 1981 Pontiac LeMans.  On the evening of December 3, 1992, four people -- Ramnanan, Tammy [Gamache], Tammy's husband, Richard Gamache (Richard), and another person, a minor boy -- gained entrance to the Williamses' house on the pretense of needing to use the phone.  After seizing the Williamses, the intruders ransacked the house for money, guns, and other property.  They then departed taking the victims with them.

---

[1] All future references are to the Penal Code unless otherwise stated.

[2] The factual background is taken verbatim from our nonpublished opinion in defendant's direct appeal.  (See *People v. Ramnanan* (Jun. 29, 1998, E018243) (*Ramnanan I*).)

Richard and Ramnanan drove the Williamses in the motor home. Tammy drove the pickup. At one point, defendants stopped and forced the Williamses to sign bills of sale transferring the truck, the horse trailer, the mobile home, and the Pontiac to them. After driving a further distance, Ramnanan and Richard forced the Williamses to walk out in the desert and lie face down. Richard said, "Have a nice day," then shot Lee in the head, killing him. He also shot Peggy twice. Peggy survived and was able to seek help.

Richard and Tammy were arrested on the morning of December 3 when they returned in the pickup to retrieve the motor home, which they had left parked at a truck stop. After driving and then abandoning the Pontiac, Ramnanan was arrested on December 4. Various other kinds of physical evidence and testimony linked the three defendants to the crimes committed against the Williamses. Richard admitted he shot them. The horses and the trailer were found at Tammy's friend's home, where Tammy and Richard had taken them after the shootings. Tammy also led the police to the location of Lee's body. (*Ramnanan I*, *supra*, E018243.)

On January 18, 1996, a jury convicted defendant of one count of first degree murder (§187, subd. (a)), one count of attempted murder (§§ 664/187, subd, (a)), two counts of kidnapping for robbery (§ 209, subd. (b)), and three counts of first degree residential robbery (§ 211). In addition, the jury found true special circumstance allegations that the murder occurred during the commission of a residential robbery, first degree burglary, and kidnapping for the purpose of robbery (§ 190.2, subd. (a)(17)). The jury also found true the allegations that defendant personally used a firearm in the

3

commission of the murder, attempted murder, and kidnapping for robbery (§ 12022.5, subd. (a)(1)). Defendant was sentenced to life without the possibility of parole for the murder; life with the possibility of parole for the attempted murder and each of the kidnapping for robbery counts; and stayed determinate terms for the residential robbery offenses.

On June 29, 1998, we affirmed defendant's convictions and sentence. (See *Ramnanan I*, *supra*, E018243.)

On February 21, 2019, defendant filed a petition for resentencing under section 1170.95, requesting that his murder conviction be vacated based on changes to sections 188 and 189 as amended by Senate Bill No. 1437.

Following briefing and argument by the parties, the trial court denied the petition. The court found that, based on the jury instructions given and the jury's true findings on the special circumstances allegations, defendant had not established a prima facie case for relief as a matter of law under section 1170.95. This appeal followed.

III.

DISCUSSION

Defendant contends the jury's special circumstances finding did not render him ineligible for relief as a matter of law because his conviction predates our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the meaning of "major participant" and

4

"reckless indifference to human life." He thus believes he has established a prima facie case for relief under section 1170.95 entitling him to an evidentiary hearing.

A. *Senate Bill No. 1473 and Senate Bill No. 775*

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Gentile* (2020) 10 Cal.5th 830, 846-847 (*Gentile*); see Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957; *Gentile*, *supra*, at pp. 842-843, 847-848.)

New section 188, subdivision (a)(3), thus provides, "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." New section 189, subdivision (e), limits the felony-murder rule exception to the malice requirement to circumstances where the People prove the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2." (§ 189, subd. (e)(3).)

Senate Bill No. 1437 also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief." (*Gentile*, *supra*, 10 Cal.5th at p. 843; see *People v. Lewis*, *supra*, 11 Cal.5th at p. 959.) Pursuant to section 1170.95, an offender must file a petition in the sentencing court declaring that: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder [;] [¶] [and] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subds. (a)(1)-(3); see also § 1170.95 subd. (b)(1)(A).)

On January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) became effective. (Stats. 2021, ch. 551.) In Senate Bill No. 775, the Legislature amended the language of section 1170.95, expanding the scope of the petitioning process and clarifying some of the procedural requirements. (Stats. 2021, ch. 551, § 2.) Section 1170.95 now provides that, upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1170.95, subd. (b)(3).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1170.95, subd. (c).) If

6

the petitioner has made such a showing that the petitioner is entitled to relief, the court "shall issue an order to show cause." (§ 1170.95, subd. (c).) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).)

Within 60 days after the order to show cause has issued, the trial court must then hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).) If a hearing is held, "'[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.'" (§ 1170.95, subd. (d)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 853.) "At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).)" (*People v. Lewis*, *supra*, 11 Cal.5th at p. 960.)

B. *Standard of Review*

In this case, the trial court denied defendant's petition at the prima facie stage under section 1170.95, subdivision (c). A denial at this stage is appropriate only if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 960.) This is a purely legal conclusion, which we review de novo. (See *Id*. at p. 961.) The interpretation and application of a

7

statute to factual findings is a question of law subject to de novo review as well. (*Ibid*.; *People v. Johnson* (2016) 1 Cal.App.5th 953, 960.)

C. *Analysis*

The decisions in *Banks* and *Clark* "clarified the meaning of the special circumstances statute" (*In re Scoggins* (2020) 9 Cal.5th 667, 671), specifically, the requirement under section 190.2, subdivision (d), that a defendant who is "'not the actual killer'" and is convicted of first degree murder is eligible for the sentence of death or life without the possibility of parole only if the jury finds he or she acted with reckless indifference to human life and was a major participant in the commission of the underlying felony, which resulted in the death. (*In re Scoggins*, *supra*, at p. 674.)

Though our appellate courts are split on the issue presented in this case,[3] our court has held that "[a] defendant with a special circumstance finding under section 190.2, subdivision (d) is not eligible for relief under section 1170.95 as a matter of law," because "a jury found them to have been a major participant in the underlying felony who acted with reckless indifference to human life." (*People v. Jones* (2020) 56 Cal.App.5th 474, 482 (*Jones*), review granted Jan. 27, 2021, S265854.) In *Jones*, we rejected the

---

[3] Compare *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted October 14, 2020, S264033, *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284, and *People v. Allison* (2020) 55 Cal.App.5th 449, each concluding the special circumstance finding renders a petitioner ineligible for relief as a matter of law, with *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011, *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835, and *People v. York* (2020) 54 Cal.App.5th 250, review granted November 18, 2020, S264954, which reach the opposite conclusion.

argument that our Supreme Court's decisions in *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522 redefined the terms "'major participant'" and "'reckless indifference to human life'" for purposes of the robbery-murder special circumstance. (*Jones*, *supra*, at pp. 478-480.) We concluded those opinions "did not create a new rule of law, but rather 'clarified' the already-existing meaning of the phrases 'major participant' and 'reckless indifference to human life' for purposes of special circumstance allegations." (*Id*. at p. 482.) Essentially, section 1170.95 is not a mechanism for relitigating factual questions that were settled by a prior jury. (*Jones*, *supra*, at p. 485; *People v. Allison*, *supra*, 55 Cal.App.5th at p. 461.) Thus, "[a] petitioner with a pre-*Banks*/*Clark* finding faces the same bar to relief under section 1170.95 as a petitioner with a post-*Banks*/*Clark* finding." (*Jones*, *supra*, at p. 482; see *In re Scoggins*, *supra*, 9 Cal.5th at p. 671.)

We further explained that because the decisions in *Banks* and *Clark* did not "announce[ ] a new rule of law" but merely clarified existing law that ""'had theretofore [been] misconstrued'"" (*Jones*, *supra*, 56 Cal.App.5th at p. 482,), the remedy for defendants like *Jones* and defendant here—whose murder conviction became final before *Banks* and *Clark*—is to challenge the validity of the special circumstance finding in a collateral, habeas corpus proceeding. (*Jones*, *supra*, at pp. 482-483.)

Like the defendant in *Jones*, defendant here is barred "as a matter of law" from obtaining relief under section 1170.95. (*Jones*, *supra*, 56 Cal.App.5th at p. 482.) As the trial court explained in denying the petition, "The jury was instructed on the special

circumstances that the murder was committed during a robbery. The jury was also instructed that, in order to find special circumstances true, against the non killer, it must be shown that, quote, 'the defendant, with the intent to kill, aided and abetted, counselled, commanded and induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree or reckless indifference to human life and, as a major participant, aided, abetted, counselled, commanded, induced, solicited, requested or assisted in the commission of the crime of residential burglary, residential robbery, or kidnapping for the purpose of robbery, which resulted in the death of a human being, namely, Lee Williams." The jury found beyond a reasonable doubt that defendant was a major participant in the robbery, burglary, and kidnapping for purpose of robbery and that he acted with reckless indifference to human life. The holding in *Jones*, which we decline to revisit here, dictates that we affirm the denial of defendant's petition. Thus, unless and until the Supreme Court tells us otherwise, we see no reason to depart from our holding in *Jones* and therefore conclude the trial court properly denied the petition.[4]

---

[4] Our Supreme Court has granted review to decide the issue of whether a special circumstance finding that was made before *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522 were decided renders a petitioner ineligible for section 1170.95 resentencing relief as a matter of law. (See *People v. Strong* (Dec. 18, 2020, C091162), review granted Mar. 10, 2021, S266606 [2020 Cal.App.Unpub. Lexis 8505, 2020 WL 7417057]).

IV.

DISPOSITION

The post judgment order denying defendant's section 1170.95 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.


McKINSTER
J.