Filed 1/14/16

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,              )
                                        )
        Plaintiff and Appellant,     )
                                        )         S219178
        v.                         )
                                        )     Ct.App. 4/3 G048659
ISAIAS ARROYO,            )
                                        )       Orange County
        Defendant and Respondent.   )  Super. Ct. No. 12ZF0158
_____)

       Welfare and Institutions Code section 707, subdivision (d), adopted as part of Proposition 21, the "Gang Violence and Juvenile Crime Prevention Act of 1998," allows prosecutors the option of filing charges against certain juveniles accused of specified offenses, directly in criminal court. Here we determine whether this provision allows prosecutors to charge such juveniles in criminal court by grand jury indictment. We conclude it does, and thus affirm the Court of Appeal.

## PROCEDURAL POSTURE

      Because the issue before us is a purely legal one, the factual and procedural context in which the case arises may be summarized briefly. As set forth in defendant's demurrer, on the evening of October 19, 2012, police officers saw a car drive slowly along West Myrtle Street in Santa Ana. Officers believed occupants of the car were Los Compadres gang members. Police ultimately

SEE CONCURRING OPINION

stopped the car, found a loaded revolver, and arrested the occupants, including defendant Isaias Arroyo.

The district attorney presented the case to the Orange County grand jury. The grand jury returned an indictment against defendant Arroyo and six codefendants on charges of conspiracy to commit murder (Pen. Code, §§ 182, subd. (a)(1), 187, subd. (a)) (count 1) and active participation in a criminal street gang (*id.*, § 186.22, subd. (a)) (count 2), with an allegation that defendant engaged in the conspiracy for the benefit of, at the direction of, and in association with a criminal street gang, Los Compadres, with the intent to promote, further, and assist in criminal conduct by members of that gang. The grand jury specifically found reasonable cause to believe defendant came within the provisions of Welfare and Institutions Code section 707, subdivision (d)(4) (hereafter section 707(d)(4)).

Defendant was arraigned and initially pleaded not guilty. He later demurred to the indictment on the ground that Welfare and Institutions Code section 707(d)(4) requires the prosecution to proceed by way of a preliminary hearing and information when filing criminal charges against a minor in adult court, and because he was a juvenile at the time of the alleged commission of the offenses the grand jury had no legal authority to inquire into the offenses charged. (Pen. Code, § 1004, subd. 1 [demurrer challenging grand jury's authority].) The trial court allowed defendant to withdraw his plea; sustained his demurrer, agreeing with him that Welfare and Institutions Code section 707(d)(4) "requires a magistrate's determination that [a] juvenile" qualifies for prosecution in adult court; and dismissed him from the indictment.

The prosecution appealed, and the Court of Appeal reversed.

**ANALYSIS**

We review de novo the Court of Appeal's decision on the purely legal question before us. (*Kavanaugh v. West Sonoma County Union High School Dist.*

2

(2003) 29 Cal.4th 911, 916.) " 'In interpreting a voter initiative' " such as Proposition 21, " 'we apply the same principles that govern statutory construction. [Citation.]  Thus, [1] "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.]  [2]  The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.]  [3]  When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." ' " (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900–901.)  "In other words, our 'task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent.' " (*Id.* at p. 901.)

In adopting Proposition 21 at the March 7, 2000, primary election, voters expanded prosecutorial authority to file charges against minors in adult court. Before Proposition 21 became law, a minor could not be prosecuted in a court of criminal jurisdiction unless a juvenile court first found the minor unfit for treatment under juvenile court law.  Exceptions existed for minors who were alleged to have committed certain very serious offenses enumerated in Welfare and Institutions Code section 602, subdivision (b), and were consequently required to be charged in adult court, and for minors who had previously been found unfit. (Welf. & Inst. Code, former § 602, as amended by Stats. 1999, ch. 996, § 12.2, pp. 7560–7561; Welf. & Inst. Code, former § 707, subds. (a)–(c), as amended by Stats. 1998, ch. 936, § 21.5, pp. 6912–6918; Welf. & Inst. Code, former § 707.01, subd. (a)(5), (6).)

As amended by Proposition 21, section 707 gives prosecutors discretionary authority to file charges against minors directly in criminal court for specified offenses and under specified circumstances.  The provisions of subdivision (d)(1) through (3) set out those offenses and circumstances.  (§ 707, subd. (d).)  Section

3

707, subdivision (d)(4) provides: "In any case in which the district attorney or other appropriate prosecuting officer has filed an accusatory pleading against a minor in a court of criminal jurisdiction pursuant to this subdivision, the case shall then proceed according to the laws applicable to a criminal case. *In conjunction with the preliminary hearing as provided in Section 738 of the Penal Code, the magistrate shall make a finding that reasonable cause exists to believe that the minor comes within this subdivision.* If reasonable cause is not established, the criminal court shall transfer the case to the juvenile court having jurisdiction over the matter." (Italics added.)

Penal Code section 738 provides that "[b]efore an information is filed there must be a preliminary examination of the case against the defendant and an order holding him to answer made under Section 872. The proceeding for a preliminary examination must be commenced by written complaint, as provided elsewhere in this code." In turn, Penal Code section 872, among other things, specifies that when it appears from the examination that a public offense has been committed and there is sufficient cause to believe the defendant is guilty, the magistrate must hold the defendant to answer. Sections 738 and 872, which apply to all prosecutions initiated by information, read together articulate the applicable requirements for proceeding against a defendant by way of information; they do not limit the prosecutor's options for commencing a prosecution.

Defendant contends section 707(d)(4) entitles him to a preliminary hearing. He first focuses on the language of the statute, in particular the sentence italicized above. He observes that the Court of Appeal in *People v. Superior Court (Gevorgyan)* (2001) 91 Cal.App.4th 602, 610–611, found this language unambiguously provides such a right and concluded that because there is no right to a postindictment preliminary hearing under California law (see Cal. Const., art. I, § 14.1), the prosecution of a juvenile in criminal court cannot be initiated by

indictment.  In support, he notes that while Proposition 21 eliminated the express right to a preliminary hearing formerly conferred by Welfare and Institutions Code section 602, subdivision (c), it at the same time added the reference to a preliminary hearing in section 707(d)(4).

The People acknowledge that Welfare and Institutions Code section 707(d)(4) requires the magistrate, at the preliminary hearing, to make a finding "that reasonable cause exists to believe the minor comes within" the provisions of the statute, but they contend the requirement of a magistrate's finding comes into play only if prosecution of the minor is commenced by information; the statute does not itself require that a prosecution be initiated by information.  As the People soundly point out, Welfare and Institutions Code section 707(d)(4), provides that in any case in which the district attorney has exercised discretion to file against a juvenile in criminal court, "the case shall then proceed according to the laws applicable to a criminal case."  The Penal Code defines the initial pleading in a felony case as "the indictment, information, or the complaint in any case certified to the superior court under Section 859a."  (Pen. Code, § 949.)  Consequently, as the People contend, a prosecution that is commenced by indictment "proceed[s] according to the laws applicable to a criminal case." (Welf. & Inst. Code, § 707(d)(4).)

Defendant's reading takes in isolation a single sentence of the statute—i.e., that in conjunction with the preliminary hearing "the magistrate shall make a finding that reasonable cause exists" (§ 707(d)(4))—contrary to long-standing principles of interpretation by which "we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.]  That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.]  We must harmonize 'the various parts of a statutory enactment . . . by

5

considering the particular clause or section in the context of the statutory framework as a whole.' " (*People v. Mendoza* (2000) 23 Cal.4th 896, 907–908.)

The People's reading of Welfare and Institutions Code section 707(d)(4) better accounts for the statutory language as a whole. Had the provision's drafters intended that prosecutions under this statute be commenced only by way of information, they would have so specified instead of using the broad term " 'accusatory pleading,' " which includes an indictment. (Pen. Code, §§ 691, subd. (c), 949.) The indictment, although returned by the grand jury, becomes the accusatory pleading of the prosecutor once it is presented in superior court. (*Guillory v. Superior Court* (2003) 31 Cal.4th 168, 173–175, 177 (*Guillory*).) Since prosecutions initiated by information and those commenced by indictment both normally proceed "according to the laws applicable to a criminal case," we see nothing in Welfare and Institutions Code section 707(d)(4) that precludes indictment as the mechanism for initiating the prosecution of a minor in a discretionary direct-file case.

Rather than creating a right to a preliminary hearing (and thus inferentially precluding prosecution by indictment in discretionary direct-file cases), Welfare and Institutions Code section 707(d)(4)'s reference to a preliminary hearing simply recognizes that in cases where the prosecution chooses to proceed against a minor in adult court by way of information, the preliminary hearing is where the existence of reasonable cause to believe the criteria of section 707(d) are met is litigated.

The People acknowledge, and we agree, that in prosecutions initiated by indictment the grand jury must make the equivalent finding, i.e., that reasonable cause exists to believe the minor comes within the provisions of Welfare and Institutions Code section 707(d). Such a finding may, but need not, be express. A grand jury properly instructed to make the finding will be deemed to have done so

6

by returning an indictment if the record contains sufficient supporting evidence. (Cf. Pen. Code, § 939.8 ["The grand jury *shall find* an indictment when all the evidence before it, taken together, if unexplained or uncontradicted, would, in its judgment, warrant a conviction by a trial jury" (italics added).].)

Further in support, the People observe that Welfare and Institutions Code section 707(d)(4) contains no explicit limitation on the grand jury's historical power to "inquire into all public offenses committed or triable within the county and present them to the court by indictment" (Pen. Code, § 917; see *People v. Aguirre* (1991) 227 Cal.App.3d 373, 378 [recognizing the grand jury's power to indict minors]), whereas defendant's reading of the statute "would implicitly create a class of individuals—i.e., minors who commit felonies under the conditions set out in section 707(d)—whom the grand jury would no longer have the authority to indict." Nothing in the language of Proposition 21, Welfare and Institutions Code section 707, subdivision (d), or the ballot materials, they contend, supports such a reading. Indeed, as the People note, in *Guillory*, a mandatory direct-file case, we agreed that " '[b]y any fair reading of Proposition 21, the measure was intended to expand, not revoke, the authority of courts of criminal jurisdiction over juveniles, including the authority of grand juries over juveniles.' " (*Guillory*, *supra*, 31 Cal.4th at p. 177 [prosecution of juvenile under mandatory direct-file provisions of Welf. & Inst. Code, § 602, subd. (b), may proceed by indictment].) "It therefore seems unlikely," we said, "such a limitation on the grand jury's historic authority to indict minors . . . would go unmentioned." (*Guillory*, *supra*, at p. 176.) Although *Guillory* does not control the outcome here, its reasoning is persuasive.

Defendant asserts that the historical power of the grand jury, as articulated in Penal Code section 917, is the wrong point of comparison; rather, we should examine the power, if any, of the grand jury to indict juveniles immediately

7

preceding the passage of Proposition 21. At that time, he observes, (1) except in the narrow circumstances set forth in subdivision (b) of section 602 of the Welfare and Institutions Code, only the juvenile court had jurisdiction over persons who were under the age of 18 at the time they violated a law; (2) juvenile court proceedings to declare a minor a ward of the court under section 602 could be commenced only by the prosecuting attorney's filing of a petition (Welf. & Inst. Code, § 650, subd. (c)); and (3) juveniles falling within the narrow subdivision (b) exception who were directly charged in adult court had, under former subdivision (c) of section 602, the explicit right to a preliminary hearing. From these circumstances, defendant argues the omission from Proposition 21 of language limiting the power of the grand jury to indict juveniles has no significance, as the grand jury lacked the power in the first place.

We are not persuaded. The purpose of Proposition 21, as noted, was to expand the authority of courts of criminal jurisdiction over juveniles who commit criminal offenses. (*Guillory*, *supra*, 31 Cal.4th at p. 177.) Grand jury authority under Penal Code section 917, as we have seen, encompasses the power to inquire into all public offenses committed within the county and to present them to the court by indictment. When the electorate broadened the categories of minors subject to prosecution in courts of criminal jurisdiction, it necessarily—absent an explicit limitation not found in Proposition 21—expanded the reach of the grand jury over minors who commit public offenses. Viewed another way, had the electorate not intended to permit the initiation of prosecutions against minors in adult court to be by grand jury indictment, one would expect it to have made such an intention plain by explicitly limiting the grand jury's statutory authority. We will not read such a limitation into the relevant statutes, especially as Welfare and Institutions Code section 707(d)(4) specifically states that, in a direct-file situation, "the case shall . . . proceed according to the laws applicable to a criminal case."

8

Defendant observes that *Guillory*, in rejecting the argument a minor has a constitutional right to a preliminary hearing in mandatory direct-file cases, found it "significant that [Welfare and Institutions Code,] section 602[, subdivision] (b), as amended by Proposition 21, contains no express reference to a preliminary hearing, despite petitioner's argument that a preliminary hearing is the only method by which [he or she] may be prosecuted under that statute." (*Guillory*, *supra*, 31 Cal.4th at p. 176.) In contrast to Welfare and Institutions Code section 602, subdivision (b), he observes, Welfare and Institutions Code section 707(d)(4) does refer to a preliminary hearing. Defendant's observation, albeit correct, does not compel an inference that such a hearing must be held in every discretionary direct-file case, given the absence from section 707(d)(4) of any language expressly conferring a right to a preliminary hearing. (Cf. Welf. & Inst. Code, former § 602, subd. (c), as amended by Stats. 1999, ch. 996, § 12.2, p. 7561 [referring to "the right to a preliminary hearing"]; see *Guillory*, *supra*, 31 Cal.4th at p. 175.)[1]

Contrary to defendant's argument, nothing in *Manduley v. Superior Court* (2002) 27 Cal.4th 537 compels a different interpretation of Welfare and Institutions Code section 707(d)(4). *Manduley* addressed the constitutionality of the direct-file provisions of Proposition 21, rejecting separation-of-powers, due process, equal protection, and single-subject challenges. (*Manduley*, *supra*, at pp. 546, 552, 562, 570, 576, 581.) Defendant relies on the following language in our opinion: "To the extent [section 707, subdivision (d)] creates a protected

---

[1] In light of our reading of section 707(d)(4), *People v. Superior Court (Gevorgyan), supra*, 91 Cal.App.4th 602 (disapproved on another point in *Guillory*, *supra*, 31 Cal.4th at p. 178, fn. 5) is disapproved to the extent it holds section 707(d)(4) requires that the prosecution of a juvenile by discretionary direct filing in a court of criminal jurisdiction be initiated by information.

liberty interest that minors will be subject to the jurisdiction of the criminal court only upon the occurrence of the conditions set forth therein, the statute *does* require a judicial determination, at the preliminary hearing, 'that reasonable cause exists to believe that the minor comes within the provisions' of the statute.'' (*Manduley*, at p. 564.)  That observation must be understood in light of, and is consistent with, our conclusion that section 707(d)(4) requires the grand jury, in prosecutions initiated by indictment, to make the equivalent finding.

As we have observed, "the grand jury serves as the functional equivalent of a magistrate who presides over a preliminary examination on a felony complaint." (*Guillory*, *supra*, 31 Cal.4th at p. 174; see *Stark v. Superior Court* (2011) 52 Cal.4th 368, 406.)  Defendant calls our attention to certain ways in which grand jury proceedings differ from preliminary hearings, such as in not affording the rights to be present and to have an attorney present, to confront and cross-examine witnesses, and to present exculpatory evidence.  He further observes that, in discretionary direct-file cases, the same agency that makes the determination whether or not to file directly in criminal court is responsible for the presentation of evidence to the grand jury.  He recites various ways in which, in his view, the prosecutor "overreached" in presenting defendant's case to the grand jury, and concludes that "it is logical to assume that the legislature and the courts would require that a probable cause determination, at the earliest litigated stage of criminal proceedings, be made by a magistrate," not a grand jury.  If overreaching violative of defendant's rights indeed occurred, a question not before us and on which we express no opinion, defendant may move under Penal Code section 995 to set aside the indictment.  The same mechanism likewise defeats defendant's related arguments that Welfare and Institutions Code section 707(d)(4) unconstitutionally reduces the quantum of proof necessary to convict a juvenile against whom the prosecutor exercises discretion to proceed in adult court by way

10

of indictment, and deprives such a juvenile of his right to equal protection of the law as compared with juveniles charged by information who receive a preliminary hearing.

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

**WERDEGAR, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**CUÉLLAR, J.**

**CONCURRING OPINION BY LIU, J.**


I agree with today's opinion that Welfare and Institutions Code section 707, subdivision (d)(4) does not require prosecution by way of a preliminary hearing before a magistrate in discretionarily filed cases under section 707, subdivision (d)(2).  I also agree that because "the grand jury serves as the functional equivalent of a magistrate who presides over a preliminary examination on a felony complaint" (*Guillory v. Superior Court* (2003) 31 Cal.4th 168, 174), the grand jury must make a finding "that reasonable cause exists to believe the minor comes within the provisions of Welfare and Institutions Code section 707(d)(4)."  (Maj. opn., *ante*, at p. 6.)

But I question the propriety of the court's declaration that "[s]uch a finding may, but need not, be express."  (Maj. opn., *ante*, at p. 6.)  Here, the grand jury made an express finding that Arroyo "was fourteen (14) years of age and older when [he] committed an offense in violation of Section 187(a) of the Penal Code which, if committed by an adult, would be punishable by death or imprisonment in the state prison for life."  Thus, the issue of whether such a finding must be express is not before us, and the court's pronouncement is dictum.

In all other respects, I join the court's opinion.

LIU, J.

I CONCUR:

KRUGER, J.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Arroyo
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 225 Cal.App.4th 1378
**Rehearing Granted**

_____

**Opinion No.** S219178
**Date Filed:** January 14, 2016
_____

**Court:** Superior
**County:** Orange
**Judge:** William R. Froeberg

_____

**Counsel:**

Tony Rackauckas, District Attorney, and Stephan Sauer, Deputy District Attorney, for Plaintiff and Appellant.

Frank Davis, Alternate Defender, and Antony C. Ufland, Deputy Alternate Defender, for Defendant and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Stephan Sauer
Deputy District Attorney
Post Office Box 808
Santa Ana, CA  92702
(714) 347-8790

Antony C. Ufland
Deputy Alternate Defender
600 W. Santa Ana Boulevard, #600
Santa Ana, CA  92701
(714) 568-4160