Filed 5/11/16  P. v. Casarez CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042353 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS130405A) |
| v. | |
| ROBERTO CASAREZ, | |
| Defendant and Appellant. | |

Defendant Roberto Casarez pleaded guilty to one felony count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)).  Imposition of sentence was suspended and defendant was granted three years formal probation.

After the voters passed Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), defendant filed a petition pursuant to Penal Code section 1170.18[1] to recall his sentence on the ground that his offense had been reclassified as a misdemeanor by Proposition 47.  The prosecution opposed the petition, arguing defendant was not eligible for resentencing because he was on probation and was not "currently serving a sentence" as required by section 1170.18.  The trial court denied the petition on that ground.

Defendant argues that although he was granted probation, he was still "serving a sentence" within the meaning of section 1170.18 and was therefore eligible for

---

[1]  All further statutory references are to the Penal Code, unless otherwise stated.

resencing.  The First District Court of Appeal recently reviewed this question in *People v. Davis* (2016) 246 Cal.App.4th 127 (*Davis*), petition for review pending, petition filed May 6, 2016.  Construing the statutory language at issue, the *Davis* court held that probationers are "currently serving a sentence" within the meaning of section 1170.18.  We agree with the *Davis* court.

The Attorney General concedes that probationers are "serving a sentence" within the meaning of section 1170.18.  We will therefore accept the Attorney General's concession, reverse the trial court's order on the petition, and remand for the trial court to determine whether defendant is otherwise eligible and suitable for resentencing under Proposition 47.

## BACKGROUND

In a criminal complaint filed in February 2013, the prosecution charged defendant with one felony count of possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)).  Defendant pleaded guilty to that charge.

At a sentencing hearing on April 5, 2013, the court suspended imposition of sentence and granted defendant three years formal probation.  The court imposed numerous conditions of probation, including an order to serve 200 days in the county jail "consecutive to any other sentence" and the payment of fines and fees.

Defendant was subsequently charged with violating his probation.  The nature of defendant's probation violation is not disclosed by the record.  On November 7, 2014, the trial court conducted a hearing on the alleged probation violation.  At the hearing, the court revoked, reinstated, and modified defendant's probation.  The court ordered defendant to serve an additional 92 days in jail, with "credit for time served of 92 days (46 actual days plus 46 conduct/work credits)."  The court then released defendant from custody "as to this action only."  The court also ordered that "[a]ll previously ordered

terms and conditions of probation [were] to remain in effect" and that "[p]robation expiration remains April 5, 2016."

Just three days before defendant's probation violation hearing, on November 4, 2014, the electorate passed Proposition 47, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Among other changes, Proposition 47 reduced the penalties for certain nonserious and nonviolent property and drug offenses. Under Proposition 47, certain drug- and theft-related crimes that had previously been designated as felonies or wobblers, would be misdemeanors. (*Id.* at p. 1091.) A wobbler is an offense that can be punished as either a felony or a misdemeanor. (*Ibid.*)

The statutes amended by Proposition 47 include Health and Safety Code section 11377, which defines the offense defendant was convicted of: possession of a controlled substance. At the time defendant committed the offense (prior to the passage of Proposition 47), a violation of Health and Safety Code section 11377 was a wobbler. (Former Health & Saf. Code, § 11377, subd. (a).) After the passage of Proposition 47, a violation of Health and Safety Code section 11377 is a misdemeanor, unless the defendant has one or more prior convictions for the serious offenses enumerated in section 667, subdivision (e)(2)(C)(iv) or for an offense requiring registration pursuant to section 290, subdivision (c), in which case the defendant may be punished as a felon. (Health & Saf. Code, § 11377, subd. (a).)

Under section 1170.18, any person "currently serving a sentence" for a felony that was reduced by Proposition 47 to a misdemeanor "may petition for a recall of [that] sentence." (§ 1170.18, subd. (a).) If the person is eligible for resentencing under section 1170.18, the trial court is required to reduce the defendant's conviction to a misdemeanor and resentence him or her under the amended statute, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) In addition, a person who has completed a felony sentence who would have been guilty of a misdemeanor under Proposition 47 may file an

application in the trial court to have his or her felony conviction designated as a misdemeanor.  (§ 1170.18, subd. (f).)  A conviction that is recalled and resentenced or designated as a misdemeanor under section 1170.18 is considered a misdemeanor "for all purposes," but after resentencing, the defendant—now a misdemeanant—is barred from possessing firearms, just as a felon would be.  (§ 1170.18, subd. (k).)

On March 4, 2015, defendant filed a section 1170.18 petition to recall his sentence on the ground that his offense had been reclassified by Proposition 47.  Defendant's form petition stated that he "was sentenced to . . . formal probation."  The prosecution filed a written response, which asserted that defendant was disqualified because he was "on probation[,] not sentenced."

On May 22, 2015, the court denied defendant's petition.  At the hearing on the petition, the court told defendant:  "You can ask to be sentenced, but that would give you a prison prior[,] which doesn't seem like a good idea[,] and I'm sure your attorney has talked to you about that.  If you are asking to be sentenced, I would do so and then you would be eligible, but that doesn't necessarily make a lot of sense for someone in your position."  Defendant responded:  "Right."  The court continued:  "So you can come back here after April of next year, and the matter will be reduced to a misdemeanor."

### DISCUSSION

Section 1170.18, subdivision (a) provides in relevant part:  "A person *currently serving a sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction . . . to request resentencing in accordance with Section[] . . . 11377 of the Health and Safety Code, . . ."  (Italics added.)

Defendant contends that when the court suspended imposition of sentence and granted him probation with terms that included a "mandate 'to serve 200 days,' " he was

4

"currently serving a sentence" within the meaning of section 1170.18, subdivision (a), and that the trial court erred when it denied his petition for resentencing. The Attorney General concedes that a probationer is "currently serving a sentence" within the meaning of section 1170.18, subdivision (a), and urges us to remand this case to the trial court to determine whether defendant is otherwise eligible for resentencing under Proposition 47.

The First District Court of Appeal recently reviewed this issue in *Davis*, *supra*, Cal.App.4th 127. In that case, the defendant argued that the phrase "currently serving a sentence" describes defendants who are serving a term of confinement and does not include probationers. The Attorney General disagreed, arguing that the word "sentence" includes any criminal sanction, including probation. (*Id.* at p. 139.) The appellate court held that "persons on probation for a felony conviction are 'currently serving a sentence' " within the meaning of section 1170.18, subdivision (a). (*Id.* at p. 132.) The court reviewed statutes, case law, and dictionary definitions that support the conclusion that the word "sentence" means both (1) a term of confinement, and (2) more generally a "criminal sanction, whether by probation, prison term, or otherwise," and held that since the interpretations urged by both parties were plausible, the statute was ambiguous. (*Id.* at pp. 138-140.)

The parties in this case cite rule 4.405(6) of the California Rules of Court, which defines sentencing choices as "the selection of any disposition of the case that does not amount to a dismissal, acquittal, or grant of a new trial," and argue that probation is generally recognized as a sentencing choice or form of disposition. The *Davis* court also considered rule 4.405(6) and found that it supported its conclusion that the statutory language at issue is ambiguous.

Based on the authorities reviewed in *Davis* and the arguments in this case, we agree that the phrase "currently serving a sentence" as used in section 1170.18, subdivision (a) is ambiguous. As the *Davis* court stated, "While probation is not technically a 'punishment,' being ' "rehabilitative in nature" ' [citation], there is no

5

question it is a sanction that imposes significant restrictions on the civil liberties of a defendant." (*Davis*, at p. 140, fn. 6.) In fact, when granting felony probation, courts often impose a jail term as a condition of probation.

Since we find the statutory language ambiguous, we may consider extrinsic evidence of the voters' intent to interpret the statute, including ballot pamphlet materials. (*Davis*, *supra*, 246 Cal.App.4th at p. 138, citing *People v. Arroyo* (2016) 62 Cal.4th 589, 593.) Both parties assert that the ballot pamphlet materials demonstrate that convicted felons on probation were intended to be eligible for resentencing under Proposition 47. They argue that construing the word "sentence" as applying to only custodial sentences contravenes the voters' intent and Proposition 47's mandate that it be broadly and liberally construed. Indeed, uncodified section 15 of the initiative measure provides that Proposition 47 "shall be liberally construed to accomplish its purposes." (Ballot Pamp., Gen, Elec. (Nov. 4, 2014) text of Prop. 47, § 15, p. 74 (hereafter Ballot Pamphlet).) The Attorney General adds that "[p]roviding relief to otherwise eligible defendants serving prison sentences while withholding that same relief from defendants on probation not only works against the broad construction envisioned by the initiative's drafters, but does so in a particularly illogical way by failing to help those defendants considered the least threatening to public safety."

After finding the phrase "currently serving a sentence" ambiguous, the *Davis* court turned to ballot pamphlet materials as an aid to interpreting the statute. (*Davis*, *supra*, 246 Cal.App.4th at pp. 141-142.) The court found those materials "modestly helpful" and stated: "the analysis of the Legislative Analyst . . . provides some reason for presuming the electorate viewed 'serving a sentence' more broadly than serving a term of confinement" since it referred to probation as a form of felony sentencing. (*Id.* at p. 141.)

The *Davis* court also reviewed "the other extrinsic aids—the ostensible objects to be achieved, the evils to be remedied, . . . public policy, . . . and the statutory scheme of which the statute is a part . . . to resolve the issue." (*Davis*, *supra*, 246 Cal.App.4th at pp.

6

141-142, internal quotation marks and citations omitted.) The court held: "The definition of 'currently serving a sentence' that best fits the purposes of Proposition 47 and the public policy underlying it is clearly the more inclusive one. The provision in question was intended to apply the changes effected by the proposition to persons who had already suffered felony convictions for crimes now declared to be misdemeanors. . . . This broader reading is, without serious question, ' " 'the construction that comports most closely with the apparent intent of the [electorate], with a view to promoting rather than defeating the general purpose of the statute.' " ' [Citation.]." (*Id.* at p. 142.)

We agree with the analysis in *Davis*. We therefore accept the Attorney General's concession and hold that a person like defendant who is on felony probation is "currently serving a sentence" for purposes of a section 1170.18 recall petition. The trial court therefore erred when it found defendant ineligible for Proposition 47 resentencing because he was on probation.

## DISPOSITION

The trial court's May 22, 2015 order denying defendant's petition to recall his sentence and for resentencing is reversed and the matter is remanded to the trial court to determine whether defendant is otherwise eligible and suitable for resentencing under section 1170.18.

7

_____
Márquez, J.

WE CONCUR:


_____
Rushing, P. J.


_____
Grover, J.


No. H042353
People v. Casarez