Filed 10/7/16  P. v. Martinez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ERIC LEE MARTINEZ,<br><br>    Defendant and Appellant. | F070993<br><br>(Super. Ct. No. VCF296455)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Kane, J. and Poochigian, J.

Appellant Eric Lee Martinez appeals from the denial of his petition for resentencing under Penal Code section 1170.18, seeking modification of the sentence imposed on his prior conviction for receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)).  Appellant contends a conviction under Penal Code section 496d is eligible for resentencing under Proposition 47.  For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2014, appellant pled nolo contendere to one count of receiving a stolen vehicle under Penal Code section 496d and admitted to having served a prior prison sentence under Penal Code section 667.5.  His plea resolved several outstanding cases, resulted in additional charges being dropped, and included an agreed upon sentence of four years.  Appellant was sentenced in line with his plea on April 22, 2014.

With respect to the underlying conduct, appellant was found driving a silver 1989 Pontiac Bonneville that had been reported stolen more than a month earlier.  Appellant claimed to have received the car, and to have been given permission to use it, from an individual named "Mike," although appellant could not provide a last name.

Appellant later petitioned for resentencing pursuant to Proposition 47, claiming the vehicle was worth approximately $300.  Appellant's petition was denied.  This appeal timely followed.

## DISCUSSION

### *Proposition 47*

"'On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act [(the Act)] ….'  [Citation.]  'Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).'"  (*People v. Morales* (2016) 63 Cal.4th 399, 404 (*Morales*).)

"Proposition 47 also created a new resentencing provision, to wit, [Penal Code] section 1170.18.  Under that statute, '[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the [Act] had [the Act] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with' the various statutes that were amended or added by the Act.  (Pen. Code, § 1170.18, subd. (a).)" (*People v. Bradshaw* (2016) 246 Cal.App.4th 1251, 1256–1257.)

Prior to enactment, the proposed law for Proposition 47 declared the initiative was offered "to ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70 (Voter Information Guide).)[1]  With respect to the intent behind Proposition 47's changes to the law, the proposed law explained  "the purpose and intent of the people of the State of California" was to "[e]nsure that people convicted of murder, rape, and child molestation will not benefit from this act"; "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes"; and "[a]uthorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors."  (Voter Information Guide, *supra*, p. 70.)

---

[1]     On July 9, 2015, appellant requested we take judicial notice of the Voter Information Guide's official title, summary, and text of proposed laws for Proposition 47, as well as the legislative history for Senate Bill No. 452.  The People do not oppose and concede the documents directly relate to the issues on appeal.  We therefore take judicial notice of these documents.

The Voter Information Guide can be accessed online at http://vigarchive.sos.ca.gov/2014/general/en/propositions/47/ [as of Oct. 7, 2016].

According to the Legislative Analyst's analysis provided with the voter's guide, Proposition 47 proposed to "reduce[] the penalties for the following crimes:  [¶]  *Grand Theft* … [¶]  *Shoplifting* … [¶]  *Receiving Stolen Property* … [¶]  *Writing Bad Checks* … [¶]  *Check Forgery* … [¶ and] *Drug Possession*."  (Voter Information Guide, *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.)  The analysis explained the proposed changes to the charge of receiving stolen property.  "Under current law, individuals found with stolen property may be charged with receiving stolen property, which is a wobbler crime.  Under this measure, receiving stolen property worth $950 or less would always be a misdemeanor."  (*Ibid.*)

With respect to resentencing, the Legislative Analyst's analysis explained that the "measure allows offenders currently serving felony sentences for the above crimes to apply to have their felony sentences reduced to misdemeanor sentences.  In addition, certain offenders who have already completed a sentence for a felony that the measure changes could apply to the court to have their felony conviction changed to a misdemeanor."  (Voter Information Guide, *supra*, analysis of Prop. 47 by Legis. Analyst, p. 36.)  As our Supreme Court has explained, the analysis "explains in simple language that certain offenders currently serving felony sentences for the reduced crimes may have their sentences reduced to misdemeanor sentences."  (*Morales*, *supra*, 63 Cal.4th at pp. 406–407.)

These changes were reflected in added sections to the Government Code (§§ 7599, 7599.1 & 7599.2), amended and added sections to the Penal Code (§§ 459.5, 490.2, 1170.18, 473, 476a, 496 & 666), and amended sections to the Health and Safety Code (§§ 11350, 11357 & 11377).  (See Voter Information Guide, *supra*, text of Prop. 47, §§ 4–14, pp. 70–74.)  To the extent relevant, individual section additions and amendments will be discussed in the context of the analysis.

## *Principles of Construction for Voter Initiatives*

When it comes to interpreting the meaning of laws passed by voter initiative, the court's analysis is governed by the voters' intent. (*People v. Park* (2013) 56 Cal.4th 782, 796 (*Park*); *People v. Jones* (1993) 5 Cal.4th 1142, 1146.) However, the court submits to that intent through application of the well-settled principles of statutory construction applied to legislatively enacted statutes. (*People v. Arroyo* (2016) 62 Cal.4th 589, 593 (*Arroyo*); *Park*, *supra*, at p. 796.) "We therefore first look to 'the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context.'" (*Park*, *supra*, at p. 796.) "'"When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'"'" (*Arroyo*, *supra*, at p. 593.) Ultimately, "'[W]e may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.'" (*Park*, *supra*, at p. 796.)

In this process the court presumes the electorate is "'aware of existing laws and judicial constructions in effect at the time legislation is enacted' [citation], 'and to have enacted or amended a statute in light thereof.'" (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1015; see *People v. Licas* (2007) 41 Cal.4th 362, 367.) "'"Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed."'" (*People v. Licas*, *supra*, at p. 367.)

In conducting its analysis, the court may encounter potentially conflicting statutory schemes. It is a "well-settled principle of statutory interpretation that 'all presumptions are against a repeal by implication.'" (*Park*, *supra*, 56 Cal.4th at p. 798.) This presumption is not absolute, however. "[T]he provisions of a voter initiative may be said to impliedly repeal an existing statute when '"the two acts are so inconsistent that there is no possibility of concurrent operation,"' or '"the later provision gives undebatable evidence of an intent to supersede the earlier" provision.'" (*Ibid.*)

5.

***Application of Penal Code Section 1170.18 to Penal Code Section 496d***

Appellant contends that an individual convicted of violating Penal Code section 496d is eligible for a reduction in sentence under Penal Code section 1170.18. Penal Code section 1170.18, subdivision (a), permits a person currently serving a sentence for a felony conviction "who would have been guilty of a misdemeanor under the [A]ct," had the Act "been in effect at the time of the offense," to petition for "resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section[s] 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

As an initial matter, Penal Code section 496d was not directly modified by Proposition 47 and is not listed as one of the sections under which resentencing can be requested. This fact would normally be dispositive, as it evinces a clear and unambiguous intent not to modify Penal Code section 496d. However, appellant argues that the broader legislative intent behind Proposition 47 demonstrates Penal Code section 496d was intended to be modified and that any failure to identify the law in the specific amendments was a mere oversight which should be corrected. We do not agree.

Appellant first argues that Penal Code section 496d is a "theft related offense" and that under Proposition 47 all theft related offenses must be punished as misdemeanors. In making this argument, appellant contends that the newly enacted Penal Code section 490.2 is properly read as the controlling statute. Appellant is mistaken.

Penal Code section 490.2 added an explicit definition for petty theft, which was previously defined pursuant to Penal Code section 488 as simply "[t]heft in other cases," meaning theft not qualifying as grand theft. Penal Code section 490.2, subdivision (a), provides: "Notwithstanding Section 487 [defining grand theft generally] or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."

6.

According to appellant, Penal Code section 496d is a form of theft, and thus Penal Code section 490.2's "[n]otwithstanding Section 487, or any other provision of law defining grand theft" language overrides any related sentencing scheme. But this contention is readily dismissed. Penal Code section 496d is not a form of theft, but an alternative crime to theft, which is imposed where one is in possession of property they know to be stolen. (See *People v. Smith* (1945) 26 Cal.2d 854, 858–859 [discussing Pen. Code, § 496 generally].) There is no requirement for conviction that the defendant stole the property. Because Penal Code section 496d does not require proof of a theft for a conviction and, indeed, a conviction under Penal Code section 496d cannot be sustained if a theft conviction is also had, a conviction under Penal Code section 496d and is not a form of theft. (See *People v. Ceja* (2010) 49 Cal.4th 1, 10 [holding a guilty verdict on a theft charge makes it unnecessary to resolve a receiving stolen property charge].)

Appellant further argues that Proposition 47's changes to Penal Code section 496 show a clear intent to change the punishment scheme under Penal Code section 496d and, thus, principles of statutory interpretation require that the changes to Penal Code section 496 control. Again, we disagree.

Initially, we recognize the substantial similarities between Penal Code section 496 and Penal Code section 496d. Prior to the enactment of Proposition 47, subdivision (a) of the two statutes were nearly identical, save for two components. The first was the scope of the property covered by each crime. Penal Code section 496 covered "any property" received, while Penal Code section 496d applied only to a specifically defined set of motorized vehicles or vessels.[2] The second was the guidance provided as to what

---

[2]    Appellant relies on the term "any property" as a representation of voter intent to override Penal Code section 496d when passing Proposition 47. This reliance is misplaced as that phrase was used in Penal Code section 496 well before Proposition 47 was enacted and at a time when Penal Code section 496d was concurrently in effect. Use of the phrase "any property," thus, has no bearing on whether Penal Code section 496 was intended to completely override Penal Code section 496d.

severity of crime to charge. Under the pre-Proposition 47 statute, Penal Code section 496d was a wobbler which contained no specific guidance as to when to charge the crime as a misdemeanor or a felony. Penal Code section 496 was also a wobbler, but it included language, focusing on the dollar value of the property received, which provided additional guidance on when a misdemeanor or felony should be charged. (Pen. Code, § 496, former subd. (a), as amended by Stats. 2011, ch. 15, § 372, eff. Apr. 4, 2011, operative Oct. 1, 2011 ["However, if the district attorney or the grand jury determines that this action would be in the interests of justice, the district attorney or the grand jury, as the case may be, may, if the value of the property does not exceed nine hundred fifty dollars ($950), specify in the accusatory pleading that the offense shall be a misdemeanor, punishable only be imprisonment in a county jail not exceeding one year."].)

Citing the Legislative Analyst's analysis for Proposition 47, appellant contends the voters intended all convictions of receiving stolen property valued under $950, including those involving cars, to be punished as a misdemeanor. The analysis explained: "Under current law, individuals found with stolen property may be charged with receiving stolen property, which is a wobbler crime. Under this measure, receiving stolen property worth $950 or less would always be a misdemeanor." (Voter Information Guide, *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.)

But this general summary does not necessarily show the voters intended to change Penal Code section 496d. The proposed changes to the law submitted with Proposition 47 made no mention of Penal Code section 496d, despite the fact that the two statutes existed and worked in tandem prior to the Proposition being submitted to the electorate. The electorate is presumed to have known of these related statutes and their failure to amend or repeal Penal Code section 496d is strong evidence of an intent to keep the law as it was currently written. (*Cervantes*, *supra*, 225 Cal.App.4th at p. 1015.) In addition, the proposed changes to Penal Code section 496 were partially designed to eliminate the

8.

discretionary language providing that the district attorney "may … specify in the accusatory pleading" that the charged offense is a misdemeanor. This deleted section, which was not present in Penal Code section 496d, was virtually identical to the changes described by the Legislative Analyst's analysis. (Voter Information Guide, *supra*, text of Prop. 47, p. 72 ["However, ~~if the district attorney or the grand jury determines that this action would be in the interests of justice, the district attorney or the grand jury, as the case may be, may,~~ if the value of the property does not exceed nine hundred fifty dollars ($950), ~~specify in the accusatory pleading that~~ the offense shall be a misdemeanor .…"].) Thus, an intent to repeal Penal Code section 496d cannot be determined merely from the Legislative Analyst's analysis.

Looking to the broader statutory scheme in place after Proposition 47, we conclude that the voters did not intend to modify Penal Code section 496d. Appellant contends that excluding Penal Code section 496d from the benefits of Proposition 47 would generate absurd results in part because the theft of a vehicle could result in a more lenient punishment than receipt of that same stolen vehicle due to prosecutorial discretion in bringing charges that were intended to be eliminated through Proposition 47. However, appellant's argument is premised on two false assumptions—that Proposition 47 affected all vehicle theft statutes and eliminated all prosecutorial discretion in charging vehicle thefts. Neither is correct. As we recently held in *People v. Sauceda* (2016) ___ Cal.App.5th ___ [2016 Cal.App. Lexis 792], Proposition 47 did not modify Vehicle Code section 10851. As such, theft of a vehicle valued at less than $950 may still be charged as a felony. In addition, Vehicle Code section 10851 is a wobbler, which remains chargeable as either a felony or a misdemeanor despite Proposition 47. Accordingly, we find that the broader statutory scheme does not demonstrate an intent either to eliminate all felony convictions for theft of an automobile valued at less than $950 or to eliminate all prosecutorial discretion with respect to theft or theft-related crimes. The statutory scheme supports the conclusion that Proposition 47 intended to

9.

enact only the modifications to Penal Code section 496 that were specifically included in the ballot measure and did not intend to modify Penal Code section 496d, which separately punished receipt of stolen vehicles at the time Proposition 47 was enacted and continues to do so today.[3]

## DISPOSITION

The judgment is affirmed.

---

[3] Having concluded that Proposition 47 did not intend to modify Penal Code section 496d, and noting that Penal Code sections 496 and 496d coexisted prior to enactment of Proposition 47, we find no conflict between the two statutes which would require modification to Penal Code section 496d. (*Park*, *supra*, 56 Cal.4th at p. 798 [presumption is against repeal by implication].)