Filed 6/19/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re D.A., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B283932 (Super. Ct. No. VJ45807) (Los Angeles County) |
| THE PEOPLE, Plaintiff and Respondent, v. D.A., Defendant and Appellant. | |

The juvenile court determined that D.A. committed misdemeanor battery (Pen. Code, § 242), and ordered her to serve six months of probation. D.A. contends there was insufficient evidence to establish the corpus delicti of her crime independent of her statements to the responding police officer. We affirm.

FACTUAL AND PROCEDURAL HISTORY

In April 2017, Officer Carlos Silva responded to a disturbance call at a residence in Bell. When he arrived, D.A. was standing in the driveway. She appeared upset. Officer Silva

asked what had happened, and she said that she found something on her boyfriend's cell phone and confronted him about it. When he refused to apologize, D.A. slapped and pushed him. He then went to his bedroom and locked himself inside.

D.A. told Officer Silva that her boyfriend was still in his bedroom. Officer Silva went to the bedroom and spoke with the man inside, C.H. C.H. appeared upset; his head was down, his arms were crossed in front of him, and he spoke in a low, sad voice. There was a scratch on his forehead—"like [a] blood-type sting"—and redness on the upper part of his left eye. No one else was in the house.

The prosecutor could not locate C.H. to testify at trial. The trial proceeded with Officer Silva as the sole testifying witness.

## DISCUSSION

D.A. contends the prosecutor presented insufficient evidence to establish the corpus delicti of misdemeanor battery independently of her statements to Officer Silva. We disagree.

Misdemeanor battery is the "willful and unlawful use of force or violence upon the person of another." (Pen. Code, § 242.) To sustain D.A.'s conviction of this crime, there must be sufficient proof that the crime actually occurred and that D.A. was the perpetrator. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1164-1165 (*Alvarez*).) The first of these elements—the corpus delicti—must be established "independently from [D.A.'s] extrajudicial statements, confessions, or admissions." (*People v. Wright* (1990) 52 Cal.3d 367, 403, disapproved on another ground by *People v. Williams* (2010) 49 Cal.4th 405, 459.)

"Such independent proof may consist of circumstantial evidence [citations], and need not establish the

2

crime beyond a reasonable doubt [citations]." (*People v. Jones* (1998) 17 Cal.4th 279, 301.) "The amount of independent proof of a crime required for this purpose is . . . 'slight.'" (*Ibid*.) It need only permit a ""reasonable inference that a crime was committed"" (*ibid*.), "even if a noncriminal explanation is also plausible" (*Alvarez, supra,* 27 Cal.4th at p. 1171). Where, as here, the facts are undisputed, we independently review whether the prosecutor put forth the requisite independent proof to establish the corpus delicti. (*Jones*, at p. 302 [undisputed facts raise a legal question]; *People v. Arroyo* (2016) 62 Cal.4th 589, 593 [legal questions reviewed de novo].)

She did. C.H. was inside his bedroom. (*People v. King* (1938) 30 Cal.App.2d 185, 195-196 [corroboration of details of a crime provides independent proof of corpus delicti].) He was upset. (*People v. Navarette* (2003) 30 Cal.4th 458, 513-514 [victim's demeanor is relevant to show the circumstances of a crime].) And he had injuries on his face. (*People v. Sheldon* (1948) 84 Cal.App.2d 177, 182-183 [corpus delicti of battery established where victim's glasses were broken and he had cuts around his eye].) Such evidence permits a reasonable inference that D.A. committed battery against C.H. That C.H. may have been crying and rubbing his eye does not negate that inference. (*Alvarez, supra,* 27 Cal.4th at p. 1171.)

DISPOSITION

The judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.                    YEGAN, J.

3

Kevin L. Brown, Judge

Superior Court County of Los Angeles

_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, Blythe J. Leszkay, Deputy Attorney General, for Plaintiff and Respondent.