Filed 5/11/26  P. v. Overby CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER OVERBY,<br><br>    Defendant and Appellant. | B342342<br><br>(Los Angeles County<br>Super. Ct. No. KA058029) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed as modified.

Phillip A. Talbert, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Christopher Overby appeals from the superior court's judgment after he was resentenced pursuant to Penal Code section 1172.75.[1]  Overby contends the superior court imposed a $10,000 restitution fine under section 1202.4, subdivision (b), that is no longer enforceable or collectible, and it imposed additional fines and fees that were not originally imposed and which came into effect after Overby's original sentencing.  The People concede both errors.  We modify the judgment by vacating the challenged fines and fees and otherwise affirm.

## PROCEDURAL BACKGROUND[2]

In 2003, a jury found Overby guilty of attempted murder (§§ 664, 187, subd. (a)), two counts of first degree burglary (§ 459), first degree robbery (§ 211), forcible sodomy with special circumstances (§ 286, subd. (c)(2)), and arson of an inhabited structure (§ 451, subd. (b)).  The jury also found true the special circumstances that Overby committed the sodomy during a burglary, with the use of a knife, and caused great bodily injury (§ 667.61, subds. (a), (b), & (e)).  In a bench trial, the trial court found Overby served a prior prison term (§ 667.5, subd. (b)).  The

---

[1]     All further section references are to the Penal Code unless otherwise specified.

[2]     A full description of the facts and proceedings leading to Overby's conviction may be found in *People v. Overby* (2004) 124 Cal.App.4th 1237, 1240-1241.

court sentenced Overby to a determinate term of 12 years, plus an indeterminate term of 25 years to life.  On May 28, 2003, the court imposed a $10,000 restitution fine pursuant to section 1202.4, subdivision (b), and a suspended $10,000 parole revocation fine pursuant to section 1202.45.  The court also ordered victim restitution in the amount of $1,150 and $332,010.48 to the two victims of the offenses.

In 2021, the Legislature enacted Senate Bill No. 483 (Stats. 2021 (2021-2022 Reg. Sess.) ch. 728, § 3) "retroactively invalidat[ing] prison prior enhancements imposed pursuant to section 667.5, subdivision (b), except those that were based on a conviction for a sexually violent offense."  (*People v. Green* (2024) 104 Cal.App.5th 365, 368; accord, *People v. Rogers* (2025) 108 Cal.App.5th 340, 348, fn. 5.)  Once the court verifies that "the current judgment includes [such a] sentencing enhancement . . . the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c); accord, *People v. Gray* (2024) 101 Cal.App.5th 148, 163; *People v. Burgess* (2022) 86 Cal.App.5th 375, 381.)  Resentencing under section 1172.75 is not limited to striking the section 667.5, subdivision (b), enhancement.  Rather, the court must conduct a " ' "full resentencing." ' "  (*Green*, at p. 373; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855.)

Overby's sentence included an enhancement under section 667.5, subdivision (b), for an offense that is not sexually violent.  As a result, in 2023, the Department of Corrections and Rehabilitation listed Overby as eligible for possible resentencing pursuant to section 1172.75, subdivision (a).  The superior court appointed counsel to represent Overby and set a resentencing hearing.  Overby requested the court strike the one-year

enhancement under section 667.5, subdivision (b), and that it further modify his sentence by running all sentences concurrently in furtherance of justice. In support, Overby cited his rehabilitation and good conduct while incarcerated. The People opposed, citing Overby's criminal history, the violence demonstrated in the underlying crime, and his rule violations while incarcerated.

On November 14, 2024, the superior court recalled Overby's sentence and struck the one-year section 667.5 enhancement. The court stated that while Overby was entitled to a full resentencing, it was "clearly" not in the interest of justice to otherwise reduce his sentence. The superior court again imposed the $10,000 restitution fine, the suspended parole revocation fine, and ordered victim restitution. The court additionally imposed fines and fees that were not a part of Overby's original sentence: a $200 sexual habitual offender fine plus $357 in penalty assessments (§ 290.3), a $10 crime prevention fine (§ 1202.5), a $240 court operation assessment (§ 1465.8, subd. (a)(1)), and a $180 criminal conviction fee (Gov. Code, § 70373).

Overby timely appealed.

## DISCUSSION

Overby does not contest the court's denial of his request to reduce his sentence further. He instead challenges three of the fines and fees imposed by the superior court. Our review is de novo. (See *People v. Arroyo* (2016) 62 Cal.4th 589, 593 [de novo review in cases of statutory interpretation]; *People v. Guillen* (2013) 218 Cal.App.4th 975, 983 [authority of trial court to

4

impose fine or fees turns on relevant statutory provisions and presents essentially an issue of law].)

First, Overby argues the restitution fine imposed under section 1202.4 must be vacated because section 1465.9, subdivision (d), rendered the fine "unenforceable and uncollectible." The People concede, and we agree the fine should be vacated. Effective January 1, 2025, section 1465.9 was amended to add subdivision (d), which provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." Overby was resentenced in November 2024, weeks before the effective date of the amendment. But the amendment applies retroactively to his sentence. (See *In re Estrada* (1965) 63 Cal.2d 740, 748 [absent evidence to the contrary, we presume ameliorative criminal statutes apply retroactively to all nonfinal judgments].) Overby's section 1202.4 restitution fine, which was imposed over 10 years ago in 2003, must therefore be vacated.

Second, Overby contends the superior court erred when it imposed the $240 court operation assessment (§ 1465.8, subd. (a)(1)) and the $180 criminal conviction fee (Gov. Code, § 70373) at resentencing. Overby argues, the People concede, and we agree the statutes authorizing these fines and fees do not apply to convictions that precede their effective dates. Section 1465.8 became effective on August 2, 2003 (Stats. 2003, ch. 159, § 25), and Government Code section 70373 became effective on January 1, 2009 (Stats 2008, ch. 311, § 6.5). Overby was convicted on April 18, 2003. Accordingly, the superior court was not authorized to impose these fines and fees on resentencing.

5

(*People v. Alford* (2007) 42 Cal.4th 749, 754 [section 1465.8 applies to all convictions after its operative date]; *People v. Castillo* (2010) 182 Cal.App.4th 1410, 1414 [section 70373 applies to convictions occurring after its effective date]; see also *People v. Hayes* (1989) 49 Cal.3d 1260, 1274 ["A new statute is generally presumed to operate prospectively absent an express declaration of retroactivity or a clear and compelling implication that the Legislature intended otherwise"].)

## DISPOSITION

The judgment is modified to vacate (1) the $10,000 restitution fine imposed under section 1202.4, (2) the $240 court operation assessment under § 1465.8, subd. (a)(1), and (3) the $180 criminal conviction fee under Government Code section 70373. As modified, the judgment is affirmed. The superior court is directed to prepare and then forward to the California Department of Corrections and Rehabilitation a new abstract of judgment.

MARTINEZ, P. J.

We concur:

SEGAL, J.                    STONE, J.

6