Filed 5/19/26  P. v. Simmons CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHARLES VINCENT SIMMONS III,<br><br>Defendant and Appellant. | 2d Crim. No. B341135<br>(Super. Ct. No. 24PT-00594)<br>(San Luis Obispo County) |

Appellant Charles Vincent Simmons III challenges the trial court's order granting revocation of his Post Release Community Supervision (PRCS) on the basis that because he had previously admitted a prior serious felony, he should have been placed on parole instead of PRCS.  He asks us to remand to the trial court for further proceedings so he may demonstrate he did not receive adequate notice either of the reason he was placed on PRCS as opposed to parole, or that he only had 60 days to challenge that

designation.  We conclude his claim is meritless and we will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant pled no contest to Possession of Contraband in the Jail in violation of Penal Code § 4573.6, subdivision (a)[1]. Prior to sentencing he filed a *Romero*[2] motion to strike and dismiss his admitted prior strike for violating section 136.1, subdivision (a)(2) (attempting to dissuade a witness).  The court granted his motion and sentenced him to three years in prison.

Appellant was then released on PRCS.  Over the next year, he violated PRCS five times after failing to report to probation. At his most recent revocation hearing, appellant argued the court should transfer him to parole, not PRCS, because he suffered a prior strike.  The trial court found appellant remained subject to PRCS pursuant to section 3451, subdivision (d)[3] because he had been on PRCS for a year.  It further found appellant violated his PRCS conditions and sentenced him to 180 days in jail.

## DISCUSSION

Respondent moved to dismiss this appeal alleging appellant's claim is untimely because he challenges only his

---

[1] Further undesignated code references are to the Penal Code.

[2] *People v. Romero* (1996) 13 Cal.4th 497 (*Romero*)

[3] Section 3451, subdivision (d) provides:  "A person released to postrelease community supervision pursuant to subdivision (a) shall, regardless of any subsequent determination that the person should have been released to parole pursuant to Section 3000.08, remain subject to subdivision (a) after having served 60 days under supervision pursuant to subdivision (a)."

2

initial placement on PRCS, not the current PRCS revocation order. Appellant filed an opposition and we deferred resolution of the motion pending completion of the briefing. Deferring to the policy favoring review on the merits, we deny the Attorney General's motion. (*People v. Robinson* (1954) 43 Cal.2d 143, 145; California Rules of Court, rule 8.304(a)(4).)

Appellant argues that because he suffered a prior serious felony conviction, his placement on PRCS violates section 3000.08. We review statutory interpretation de novo (*People v. Arroyo* (2016) 62 Cal.4th 589, 593), concluding appellant's claim is meritless because his prior strike was struck and dismissed by the trial court when it granted his *Romero* motion during sentencing.

Placing an inmate on PRCS is not a discretionary decision. The statute unambiguously provides that unless the requirements for parole are met, "all other offenders released from prison shall be placed on postrelease supervision pursuant to [section 3450 et seq]." (§§ 3000.08, subd. (b); 3451; *People v. Johnson* (2020) 45 Cal.App.5th 379, 400, fn. 14.) When appellant's prior strike was dismissed, he no longer met the requirements for parole.

Regardless, the trial court correctly found that since appellant had been on PRCS for a year, he was required to remain subject to PRCS under section 3451, subdivision (d). Appellant relies on *People v. Ruiz* (2020) 59 Cal.App.5th 372 to support his position that section 3451, subdivision (d) violates his due process rights, but *Ruiz* is inapposite. The 60-day limitation violated Ruiz's due process rights because the Department of Corrections and Rehabilitation had mistakenly classified him as a serious felon, giving the trial court jurisdiction to correct the

3

mistake. (*Id.,* at pp. 379-380.) Here, the record does not demonstrate a mistake in appellant's placement in PRCS. Rather, appellant sought "the most lenient sentence" possible and urged the court to grant his *Romero* motion to strike and dismiss his prior serious felony. The court did so, and as a result, the statute required placing appellant under PRCS, not parole.

DISPOSITION

Judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:


YEGAN, Acting P. J.


BALTODANO, J.

4

Catherine J. Swysen, Judge

Superior Court County of San Luis Obispo

_____

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, and Lauren Sanchez, Deputy Attorney General, for Plaintiff and Respondent.