Filed 10/7/16  P. v. Woodral CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>DANIEL MARVIN WOODRAL,<br><br>     Defendant and Appellant. | F071036<br><br>(Super. Ct. No. 1471650)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Joseph R. Distaso, Judge.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna, Ivan Marrs and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Poochigian, J.

Appellant Daniel Marvin Woodral appeals from the denial of his petition for resentencing under Penal Code section 1170.18 seeking modification of the sentence imposed on his prior conviction for unlawfully driving or taking a vehicle (Veh. Code, § 10851). Appellant contends that his conviction under Vehicle Code section 10851 is eligible for resentencing under Proposition 47 and that the denial of his request violates principles of equal protection. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 2014, appellant pled guilty to unlawfully driving or taking a vehicle under Vehicle Code section 10851 and admitted to enhancements for a prior theft conviction and a prior prison sentence. In exchange, several additional allegations were dismissed and appellant received a five-year sentence.

The facts supporting the plea showed that appellant was found driving a stolen 1989 Nissan 240SX that had been repainted. Appellant's arrest came several days after the car was stolen and appellant admitted to spray painting the car black.

On December 29, 2014, appellant petitioned for resentencing under Proposition 47. Appellant filed a brief supporting the petition, but did not include any evidence regarding the value of the 1989 Nissan 240SX. The trial court denied appellant's petition.

This appeal timely followed.

## DISCUSSION

Appellant argues that a violation of Vehicle Code section 10851 is a theft offense subject to resentencing under Penal Code section 1170.18. In addition, appellant argues that treating a conviction for theft of an automobile under Vehicle Code section 10851 as a felony while other similar property thefts are treated as misdemeanors under Penal Code section 490.2 violates equal protection principles. We have previously addressed both issues in *People v. Sauceda* (2016) ___ Cal.App.5th ___ (*Sauceda*) [2016 Cal.App. Lexis 792]. In *Sauceda*, we held that Vehicle Code section 10851 is not affected by the

2.

changes enacted through Proposition 47 and that no equal protection violation arises from the different potential punishments for, or the failure to grant retroactive sentencing relief to, those convicted under Vehicle Code section 10851. (*Sauceda*, *supra*, at p. ___ [p. 30].) We see no reason to depart from those rulings here.[1]

With respect to his eligibility for resentencing under Proposition 47, appellant also argues that a conviction under Vehicle Code section 10851 must be eligible for resentencing because it is a lesser included offense to grand theft auto, which is eligible for resentencing when the value of the vehicle is less than $950. We do not agree. As explained in *Sauceda*, a conviction under Vehicle Code section 10851 does not require an explicit determination of intent to steal. (*Sauceda*, *supra*, ___ Cal.App.5th at p. ___ [2016 Cal.App. Lexis 792, 10–11, 13].) Thus, evidence of theft is unnecessary to satisfy the elements needed for conviction. The fact that, in some limited circumstances, Vehicle Code section 10851 can serve as a lesser included offense to theft of an automobile (whether grand or petty theft under Proposition 47), does not change the fact that the ultimate conviction is not necessarily for a theft offense. Because Vehicle Code section 10851 is not by its nature a theft offense, its exclusion from Proposition 47 confirms there was no intent to modify the punishment scheme separately set forth for the crime of unlawfully driving or taking a vehicle.

Because appellant's crime is not eligible for resentencing, we do not reach appellant's contention that this matter should be remanded for a determination of the value of the vehicle. However, we note that it is the applicant's burden to demonstrate

---

[1]    For the first time, in his reply brief, appellant suggests a strict scrutiny review applies with respect to the equal protection arguments made. We disagree. The California Supreme Court has rejected this argument and the case appellant cites in support, explaining: "We do not read [*People v.*] *Olivas* [(1976) 17 Cal.3d 236] as requiring the courts to subject all criminal classifications to strict scrutiny requiring the showing of a compelling state interest therefor." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.)

eligibility for resentencing and no evidence was submitted to the trial court on this point. (*People v. Johnson* (2016) 1 Cal.App.5th 953, 962–964.)

## DISPOSITION

The judgment is affirmed.